Juanita FORESTER, Irene Kenner, Leo Forester, and Ruth Harlen, Appellants,

v.

Joseph P. RODDY, Executor of the Purported Last Will and Testament of Alma Marie Tarella, Ethel Compton, Jeane Granger, Elvira Fianino, Alfred Chiantaretto, Mary Forester Margaretta Chiantaretto, John Mapes, Joseph Mapes, and John Brandon, Respondents.

No. 52412.

Supreme Court of Missouri, Division No. 1.

July 10, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 11, 1967.

As Modified on Court's Own Motion Sept. 11, 1967.

Francis M. O'Brien, St. Louis, for appellants.

Bernard Hollander, St. Louis, for respondents.

HENRY J. WESTHUES, Special Commissioner.

This is an appeal from an order of the Circuit Court of the City of St. Louis refusing to set aside an order dismissing plaintiffs' petition. Plaintiffs filed a petition on November 24, 1965, seeking to have a will set aside.

Section 473.083, V.A.M.S., provides that in will contest cases service of summons must be "secured and completed" within sixty days after the petition is filed. In this case plaintiffs did not complete service on all of the defendants until February 23, 1966. A motion to dismiss was filed on January 27, 1966. On April 6, 1966, the motion was sustained. On April 21, 1966, plaintiffs filed a motion to set aside the order of dismissal. The trial court held a hearing on that motion and on July 12, 1966, the motion was overruled. Plaintiffs appealed.

The estate of the testatrix consisted of real estate and personal property; hence, this court's appellate jurisdiction.

Section 473.083 reads in part as follows:

"In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within sixty days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the plaintiff of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of petitioner."

The question before us is whether the trial court abused its discretion in refusing to set aside the order of dismissal. In other words, did plaintiffs show good cause for not having summons served on all of the defendants within sixty days after the petition was filed?

We shall review the record in detail.

The alleged will in question, dated July 30, 1965, was executed by Alma Marie Tarella, who died on September 4, 1965. The petition alleged that the heirs of testatrix were Ethel Compton, a sister, Ruth Harlen, Irene Kenner, Juanita Forester, Jeane Granger, nieces, John Brandon, a nephew, and John Mapes and Joseph Mapes, half brothers of the testatrix.

The will was probated on September 17, 1965. On November 24, 1965, three of the nieces of testatrix and Leo Forester filed a petition to contest the will. All of the beneficiaries named in the will, except plaintiffs, were named as defendants.

The evidence on the motion to set aside the dismissal of the petition disclosed that a number of the defendants resided in the City of St. Louis, others in St. Charles County, and still others in St. Louis County, Missouri. Service of summons was had and completed on all of the defendants residing in the City of St. Louis and those in St. Charles County prior to the expiration of the sixty days. Service on defendants re-siding in St. Louis County, Missouri, Jeane Granger, Alfred Chiantaretto, Margaretta Chiantaretto, Joseph Mapes, and John Brandon was not had until after the expiration of the sixty days.

The record shows that on December 29, 1965, one of the defendants, Joseph P. Roddy, executor of the will, asked for and was granted until January 27, 1966, to plead. On January 24, 1966, defendant Joseph P. Roddy and other defendants filed a motion to make the petition more definite and certain. On January 27, 1966, these same defendants filed a motion to dismiss plaintiffs' petition for failure to have completed service of summons on the defendants residing in St. Louis County, Missouri, within sixty days after the petition was filed.

These motions were presented to the trial court on February 15, 1966, and the following record entry was made:

"The Court having heard and duly considered the motion(s) of certain defendants to dismiss and to make more definite and certain, heretofore filed, and this day presented and submitted herein, upon the pleadings and argument adduced, and not now being sufficiently advised of and concerning the premises, takes times to consider thereof."

The record shows that on February 16, 1966, the court placed a carbon copy of a letter addressed to plaintiffs' counsel in the court file. It reads as follows:

"February 16, 1966.

"Mr. Francis O'Brien
Attorney at Law
706 Chestnut Street
St. Louis 1, Missouri

"Dear Mr. O'Brien:

"In re: Juanita Forester, et al.,

v.     (77681 E)

Joseph P. Roddy, etc.

"After reviewing the authorities cited by Mr. Hollander, I called you and stated

that there is an absence of a showing by the plaintiff of good cause for failure to secure and complete service, and that this matter should be set down for a hearing in that regard.

"Yours very truly,

"DAM/eu

"CC: Mr. Bernard Hollander."

A minute entry dated February 23, 1966, reads "Proof of Service Summons from St. Louis County filed." The next entry, dated April 6, 1966, shows that the motion to dismiss was sustained. On April 21, 1966, plaintiffs filed a motion to set aside the dismissal on the ground that the motion to dismiss was sustained without having permitted plaintiffs to offer evidence to show good cause for failure to secure service within sixty days. In the motion, plaintiffs stated that good cause did exist and the court was asked to permit plaintiffs to introduce evidence to support the motion. The court granted the request to hear evidence and Mr. Francis M. O'Brien, attorney for plaintiffs, testified with reference to his efforts to have defendants served with summons. He stated that after the petition was filed summonses were ordered issued to the sheriff of St. Charles County, to the sheriff of the City of St. Louis, and to the sheriff of St. Louis County; that the summons to the sheriff of the City of St. Louis was mailed by the clerk to the sheriff and service was completed within sixty days; that the summonses for the sheriff of St. Louis County and the sheriff of St. Charles County were mailed to his, O'Brien's, office; that he, O'Brien, mailed the summonses to the St. Charles County sheriff and service was completed within sixty days; that he mailed the summonses for the defendants residing in St. Louis County to the sheriff of that county with the names and correct addresses of the defendants to be served; that he assumed the sheriff would make his returns to the clerk of the court in the City of St. Louis; that he heard nothing further until January 21 when he received notice of the motion to dismiss; that he checked with the sheriff of St. Louis County and learned he had not received the summonses; that he then checked with the post office in the City of St. Louis and found that a lot of Christmas mail was still in the post office and had not been "worked over." This was after January 21. When the summonses were found on or about January 27, they again were mailed to the sheriff of St. Louis County and service was had.

When Mr. O'Brien concluded, the record shows the following to have occurred:

"MR. HOLLANDER: I have no questions for Mr. O'Brien.

"THE COURT: Well, I have one question. This motion to dismiss the petition was presented February 17th; right?

"MR. O'BRIEN: That's right.

"THE COURT: And you stated that, I believe on the testimony, that it was only partially heard?

"MR. O'BRIEN: Yes. If you remember, the Court indicated that he would overrule this motion. And then you called me at a later time and thought that you would sustain it. And I said, 'Well, now, if the Court without making any order on the motion will permit me to introduce testimony with reference to the good cause for failure to obtain service, I will do so.'

"THE COURT: Well, you and I have a different recollection on that, Mr. O'Brien. My recollection is that on February 17th it was submitted, and I don't know what I indicated, but I do remember that I looked at the authority. And then I wrote you on February 16th. After reviewing the authorities cited by Mr. Hollander, I called you and stated that there is an absence of a showing by the plaintiff of good cause for failure to procure and complete service, *and that this matter should be set down for a hearing in that regard.* And I called you and told you that I thought that ought to

be done promptly. Now, actually it was presented February 15th according to this date, filed February 17th, when I read the statute and looked at the authority. At that time I thought that there ought to be a showing of why service was not obtained, and I received absolutely no reply from that suggestion or telephone conversation. I believe I called you too.

"MR. HOLLANDER: You sent me a copy of a letter." (Emphasis ours.)

■ Appellate courts hesitate to overturn an order of a trial court on matters resting within the discretion of such a court. 5A C.J.S. Appeal and Error § 1596, p. 73; 27 C.J.S. Dismissal and Nonsuit § 78, pp. 489–492; Venker v. Hyler, Mo., 352 S.W.2d 590, l. c. 595 [3].

The dismissal of a case is a drastic action. It deprives the litigants of the opportunity to have their day in court on the merits.

■ In the case before us, we cannot say that plaintiffs' attorney was unduly negligent in prosecuting his case. The will was probated on September 17, 1965. A suit to contest the will could have been filed at any time within nine months thereafter. The suit was filed on November 24, 1965. All defendants were served with summonses within sixty days except those living in St. Louis County. It was shown that proper summonses were mailed on December 22, 1965, to the sheriff of that county with the names and addresses of all defendants to be served. More than thirty days thereafter they still were lodged in the post office in St. Louis City. When the delay was discovered, the defendants were properly summoned less than six months after the will was probated. Even the time to file the suit had not expired.

The record shows that the trial judge and the plaintiffs' attorney misunderstood each other as to what was to be done after the motions were presented to the court. All parties now agree that as the matter stood when the two motions, one to make more definite and certain and one to dismiss, were presented, the motion to dismiss should have been sustained unless good cause was shown. At the time the motions were presented, the trial court was in some doubt and therefore did not then rule. Note that in the letter to Mr. O'Brien the court stated, " * * * this matter should be set down for a hearing in that regard." As the record stood, no date or time had been or ever was fixed for a hearing. The judge was waiting for Mr. O'Brien to ask for a time to be heard and Mr. O'Brien was waiting for the court to fix the time.

As we view the situation, there was an unfortunate misunderstanding between counsel for plaintiffs and the trial judge. In the circumstances, justice prompts that the litigants should not bear the loss or suffer on that account.

Defendants cite the case of Cole v. Smith, Mo., 370 S.W.2d 307, as authority that the failure of the post-office department to transmit the summonses to the sheriff of St. Louis County is not good cause for failure of service. The situation in that case was quite different from the facts in this case. There, the attorney for contestants did not even examine the file in the probate court to determine the names of the interested parties. We do not have such a situation in this case. Surely the postal department can be expected to deliver mail deposited in the post office in the City of St. Louis to the sheriff of St. Louis County in much less time than thirty days.

It seems to us that in justice to the parties the order dismissing plaintiffs' petition should have been set aside. The order of the trial court denying the motion to set aside the order of dismissal is hereby reversed and the cause remanded to the trial court.

It is so ordered.

PER CURIAM:

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner, is adopted as the opinion of the court.

HENLEY, P. J., and SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.