Lila M. ORANGE, Appellant,

v.

Jacqueline HARRINGTON, et al., Respondents.

No. 45736.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Michael H. James, Clayton, for appellant.

Anthony B. Ramirez, Clayton, for respondents.

REINHARD, Judge.

Will contest. Plaintiff appeals from the trial court's order dismissing her petition for failure to obtain service of process on all defendants within 90 days after the filing of the petition as required by § 473.083.6, RSMo.Supp.1981. We affirm.

A detailed recitation of the procedural history of this case is necessary for a resolution of the issues on appeal. On June 9, 1980, the decedent, Georgia Nall, died. On July 2, 1980, a will purporting to be the decedent's last will and testament was filed with the St. Louis County Probate Court and letters testamentary were issued to defendant, Jacqueline Harrington.

On January 7, 1981, plaintiff, Lila M. Orange, commenced this will contest by filing a petition in St. Louis County Circuit Court naming 21 individuals and the unknown heirs of the decedent as defendants. Of the named defendants only four, Jacqueline Harrington (sued in her individual capacity and as executrix), Leroy Harrington, Walter Thompson and Ruth Mitchell resided in Missouri. Attached to the petition was an affidavit which requested service by registered mail on the non-resident defendants listed in the petition and an order for

service by publication on the unknown heirs of the decedent.

On January 8, 1981, contrary to the instructions in the affidavit, the circuit clerk prepared summons for *personal* service on the non-resident defendants, and mailed them to the plaintiff's attorney. These were never served. On January 19, 1981, the clerk prepared and delivered summons for service by registered mail on the non-resident defendants, as well as the four Missouri resident defendants. All of the defendants were served by registered mail by January 30, 1981.

In addition, service by publication was ordered on January 7, 1981. On February 2, 1981, a copy of the order of publication was mailed to each defendant and on February 25, proof of publication was filed.

On April 10, 1981, ninety three days after the petition was filed, the attorney for Jacqueline Harrington and Leroy Harrington entered his special appearance and asserted that service of process on the defendants was not obtained in accordance with the rules and requested that the petition be dismissed for failure to obtain service on all defendants within the statutory period.

On July 22, 1981, plaintiff filed a motion in which she asserted that the clerk had issued the incorrect summons for the Missouri resident defendants and that plaintiff had used due diligence to obtain service on all defendants. Plaintiff's attorney also asserted, along with an accompanying affidavit in support, that he had not received a copy of defendants' motion filed on April 10, 1981, and had learned of it only on July 20, 1981. Plaintiff requested an order extending the time for obtaining service for good cause shown and an order denying defendants' motion to dismiss.

On July 31, 1981, 5 alias summonses for personal service on the Missouri defendants were issued and on August 1, 1981, Jacqueline Harrington (in her individual capacity and as executrix) and Leroy Harrington were personally served. On August 7, 1981,

a hearing was held at which time the trial court entered an order which stated, "upon a showing by plaintiff of good cause, time for securing and completing service on defendants extended as provided by § 473.-083(5) RSMo to and including September 30, 1981." The defendants' motion to dismiss was heard in part and continued. The two remaining Missouri defendants were personally served by August 17, 1981, over 200 days after the petition was filed.

On September 3, 1981, attorneys for the Harringtons entered their general appearance and on November 16, 1981, filed a motion to dismiss "on the ground that service of process was not secured and completed upon all parties Defendant within ninety (90) days after the Petition was filed."[1] On December 11, the motion to dismiss was called and submitted. The parties submitted memoranda and on March 5, 1982, the court sustained defendants' motion to dismiss. Thereafter, plaintiff filed a motion to set aside and an affidavit in support thereof, which was overruled on April 16, 1982. This appeal ensued.

Section 473.083.6, RSMo.Supp.1981, provides that in a will contest the petitioner:

[S]hall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant . . . in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed.

Plaintiff, in her first point on appeal, asserts the trial court erred in dismissing her petition because "service of process was secured and completed upon all parties defendant within 90 days after the petition was filed." She asserts that the respondents were served by registered mail in January and publication in February, 1981, well within the 90 day statutory requirement.

---

1. Apparently, defendants believed that the initial motion to dismiss was a nullity because it had been filed at a time when they had only entered their special appearance. A resolution of that issue is unnecessary for this case.

■ Service of summons in a will contest is governed by the rules of civil procedure. § 473.083.5, RSMo.Supp.1981. Service by mail and publication are authorized. Rule 54.12. A party requesting service by mail, though, must file an affidavit stating, "[w]hy personal service cannot be had in this state on the party to be served by mail." Rule 54.16. A party requesting service by publication upon a *known* party shall file an affidavit stating that service upon the person or by mail cannot be obtained and that the address of the person to be served is unknown. *Burchett v. Burchett,* 572 S.W.2d 494, 502 (Mo.App.1978); Rule 54.17.

Plaintiff concedes that service by publication and by mail on the resident Missouri defendants was not accomplished in accordance with the rules. As to the service by mail, there was no allegation in the affidavit that personal service could not be had in this state. As to the service by publication, there was neither an allegation that personal service could not be obtained nor that the address of the person to be served was unknown. Indeed, plaintiff listed the Missouri defendants' addresses in her petition, and concedes they were amenable to personal service.

■ It is irrelevant that actual notice was afforded defendants because actual notice given in any manner other than that provided by statute, cannot supply constitutional validity to service under it, since due process requires notice directed by the statute itself and not a voluntary gratuitous notice resting in favor or discretion. *Harris v. Bates,* 364 Mo. 1023, 270 S.W.2d 763, 769 (Mo.1954). Neither service by publication nor by registered mail on the resident Missouri defendants satisfied the requirements of § 473.083.6 for service within 90 days of the filing of the petition.

In plaintiff's second point, she contends the trial court erred in dismissing her petition because the court, on August 7, 1981, specifically made a finding of good cause

for failing to secure and complete personal service on the Missouri resident defendants within the 90 days. We disagree.

■ The right to contest a will does not exist independently of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by statute. The policy behind § 473.083.6 requiring service of process on all parties within 90 days of the filing of the petition is that a will contest should either be expeditiously prosecuted or not at all. *Doran v. Wurth,* 475 S.W.2d 49, 50 (Mo.1971). The party contesting a will has the burden of proof on the issue of good cause. *State ex rel. O'Connell v. Crandall,* 562 S.W.2d 746, 750 (Mo.App.1978). Proof of good cause consists of a showing of circumstances which prevent or impair service of process. *State ex rel. O'Connell v. Crandall,* 562 S.W.2d 746, 750 (Mo.App.1978).

Plaintiff's motion filed on July 22, requested an "order extending the time for obtaining service on all Defendants as provided in Section 473.083 R.S.Mo. for good cause shown . . . ." The court's order of August 7, reads as follows:

Motion of Defendants . . . to Dismiss called, heard in part and continued. . . .

Motion of Plaintiff Lila M. Orange as to service of process called, heard and granted. Upon a showing by plaintiff of good cause, time for securing and completing service on Defendants extended as provided by Section 473.083(5)[2] RSMo. to and including September 30, 1981.

We find no merit to plaintiff's contention for three reasons. First, there is no provision in § 473.083 nor any Supreme Court Rule which authorizes the court by order to extend beyond 90 days the time for service of process in a will contest. Rule 44.01(b), relating to enlargement of time, provides:

When by these *rules or by a notice given thereunder or by order of court* an act is required or allowed to be done at or within a specified time, the court for cause

---

2. Plaintiff apparently meant to cite § 473.083.6, RSMo.Supp.1981, in effect at the time suit was filed, as that subsection contains the reference

to "good cause." Prior to January 1, 1981, it was contained in § 473.083.5. See Laws 1980, p. 457, § 1 and Laws 1978, pp. 837–38.

shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 52.13, 72.01, 73.01, 75.01, 78.04, 81.04 and 81.07 or for commencing civil action. (emphasis added).

By its very terms, this rule cannot be used to extend a time limit imposed by statute, such as that contained in § 473.083.6, but only those time limits set by rule, or by an order of court.

Neither is Rule 54.21 of any benefit to plaintiff. It provides that a summons shall be served within 30 days of issuance, but that by order of court that time may be extended up to 90 days. Process not served within 30 days becomes *functus officio* and confers no authority thereafter, unless the court extends the time. *Fillingame v. McCoy,* 622 S.W.2d 344, 345 (Mo.App.1981).

The five alias summonses issued on July 31, 1981, were void after August 30, 1981, if not served. Plaintiff could have obtained an order extending the life of the summonses to September 30, 1981. *See Powell v. Ware,* 641 S.W.2d 824, 826 (Mo.App.1982). But that does not constitute authority for extension of the 90 day service requirement in the statute.

Second, it would be premature for the trial court to find that good cause existed for plaintiff's failure to complete service on all defendants within 90 days until service had been completed upon all defendants.[3]

Third, as a matter of law plaintiff did not establish good cause for failure to complete service within 90 days. There are only three Missouri cases which have been confronted with the issue of whether a party's

efforts constituted good cause in circumstances similar to those here. An examination of them is appropriate.

In *Forester v. Roddy,* 418 S.W.2d 67 (Mo. 1967), the plaintiff filed her will contest on November 24, 1965, in the Circuit Court of the City of St. Louis. The circuit clerk prepared summons for personal service on defendants who resided in St. Louis County and mailed them to the plaintiff's attorney. On December 22, 1965, the plaintiff's attorney mailed the summonses to the sheriff of St. Louis County. On January 21, 1966, the plaintiff's attorney checked with the sheriff of St. Louis County and discovered that he had not received the summonses. Thereafter, the letter containing the summonses was found on or about January 27, 1966, in the St. Louis Post Office. The summonses were then delivered to the county sheriff and service was completed approximately 30 days after the time required by the statute.[4] The trial court dismissed the plaintiff's petition for failure to complete service within 60 days. The Supreme Court reversed and held that plaintiff established "good cause" because, "surely the postal department can be expected to deliver mail deposited in the post office in the City of St. Louis to the sheriff of St. Louis County in much less time than thirty days."

In *Cole v. Smith,* 370 S.W.2d 307 (Mo. 1963), plaintiff filed a will contest on November 14, 1961, and requested service by publication on two of the defendants who were residents of the City of St. Louis. An order of publication was entered on December 22, 1961, but was not printed until January 2, 1962. Publication was completed on January 24, 1962, 11 days late. The trial court dismissed the petition for failure to complete service within 60 days. The Supreme Court affirmed and held that the names and addresses of the two defendants were readily obtainable from the files and records of the probate court and personal service could have been obtained. Further,

---

3. Of course, the trial court may find that good cause does not exist before all defendants have been served. *See Knipmeyer v. McQuie,* 600 S.W.2d 86 (Mo.App.1980).

4. Section 473.083, RSMo.1959, required service be completed within 60 days.

the court held that the circuit clerk's office could not be blamed for the delay between December 22 and January 2, because the clerk was not charged with knowledge that the 60 day period was about to expire and plaintiff made no request to the clerk for expedited service.

Finally, in the recent case of *Powell v. Ware,* 641 S.W.2d 824 (Mo.App.1982), the plaintiffs filed their petition on October 23, 1980, naming several non-residents as defendants. The last defendants were served 95 days after the petition was filed and the trial court dismissed the petition. The original summonses to the non-resident defendants were allowed to expire and new summonses had to issue. Further, the plaintiffs did not inquire about service until the middle of January (one week before expiration of the 90 days). The court held that plaintiffs' failure to employ an efficient means of service when the action was commenced indicated something less than "the diligence required by § 473.083.5" and did not constitute good cause.

 Plaintiff in the present case relied on the court file and presented no other witnesses, affidavits or evidence. We have concluded that based on the record before the trial court, the plaintiff did not carry her burden of proof and establish good cause for failure to complete service within 90 days of the filing of the petition. The petition was filed on January 7, 1981, and service was not completed on all defendants until August 17, 1981, over 7 months later. While we acknowledge that some slight delay in obtaining service may be attributed to the failure of the circuit clerk's office to prepare the appropriately requested summons, nonetheless, we do not find any circumstances which prevented or impaired service of process for the entire seven months. An inspection of the court file as early as January 19, 1981, would have revealed that the incorrect form of summons for the Missouri resident defendants had been prepared. The failure to monitor the file for a period of over 6 months does not constitute the diligence required by the statute. We find the trial court did not abuse its discretion in ruling on March 5, 1982, that the plaintiff failed to establish good cause.

 Finally, in plaintiff's last point, she contends the trial court erred in denying her "the opportunity to present evidence on the existence of good cause for failure to secure and complete personal service of process."

 As previously stated, the record reveals that the only evidence plaintiff presented at any time on defendants' motion to dismiss was "the court's own file." Plaintiff made no attempt to present any other evidence to the court before it ruled nor was she in any way prevented from so doing. After the court entered its order dismissing the petition, the plaintiff filed a motion to set aside with an accompanying affidavit. In the affidavit, plaintiff's attorney stated that he had called the clerk's office, on some *unstated* day, and the summons clerk maintained that service had been made and returned as to all defendants." Whether the trial court should permit a party to reopen the case and present additional evidence is within the sound discretion of the trial court. *Long v. Thompson,* 353 Mo. 531, 183 S.W.2d 96, 97 (Mo. 1944); *State ex rel. Williams v. Williams,* 609 S.W.2d 456, 460 (Mo.App.1980). We find no such abuse of discretion here.

 Moreover, such additional evidence would not have established good cause. The right to contest a will must be exercised in strict compliance with the statute. Reliance upon telephone conversations with the court clerk in these circumstances was insufficient. In support of her position, plaintiff cites *Forester v. Roddy,* 418 S.W.2d 67 (Mo.1967). We find it of no benefit to her.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.