James A. STEMMLER, Appellant,

v.

Susan H. CRUTCHER, et al.,
Respondents.

No. 47890.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1984.

David G. Lupo, St. Louis, for appellant.

Jerry J. Murphy, Richard Alan Cooper, Danis, Reid, Murphy, Garvin, Tobben, Schreiber & Mohan, St. Louis, Steve W. Garrett, Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Clayton, for respondents.

DOWD, Presiding Judge.

Will contest. Plaintiff-appellant appeals from the trial court's order sustaining defendants-respondents' motion to dismiss for failure to secure and complete service of process on all defendants within 90 days after the filing of the petition pursuant to § 473.083.6 RSMo Supp.1982.[1] We reverse.

On June 18, 1979, plaintiff James A. Stemmler filed an action to contest the Last Will and Testament of Dorothy P. Ecker. In his petition, plaintiff directed his action to several named defendants as well as to the known and unknown heirs, grantees, and successors of the testatrix. The plaintiff applied for service by mail on all non-resident defendants on July 9, 1979. These defendants consisted of Susan, Luke, Edgar, and Robert Crutcher.[2] When the suit was filed, both Edgar and Luke resided with their mother in Ontario, California, San Bernadino County while Robert resided in Covina, California, Los Angeles County.

Summonses were issued and sent by registered mail to the four Crutchers in accordance with and on the same day that the court order was issued. Accompanying each summons was a return receipt which was to be signed by the addressee. In

---

1. When the will contest was filed, § 473.083.5 RSMo 1978 read as follows:

    5. In any such action, the petitioner shall proceed *diligently* to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant *within 90 days* after the petition is filed, the petition, on motion of any defendant

duly served upon the petitioner or his attorney of record, *in an absence of showing of good cause for failure to secure and complete service,* shall be dismissed at the cost of the petitioner. (Emphasis added).

2. Susan Crutcher is the mother of Luke, Edgar, and Robert all of whom are legatees under the will.

addition to the original four summonses, another four were sent two days later when the plaintiff amended his petition. By July 31, 1979, five of the eight return receipts had been filed with the court. Luke's signature appeared on all the receipts. On September 5, 1979, seventy-nine days after commencement of the suit, a search was instigated at the plaintiff's request in the United States Post Office for the three missing receipts. These receipts represented the two summonses directed to Robert and one directed to Luke. Meanwhile, on September 10, 1979, the eighty-fourth day, defendant Susan Crutcher entered an appearance by counsel.

The missing receipts were eventually found with Luke's signature appearing on all three. Upon learning this and fearing possible insufficiency of service, the plaintiff proceeded to have personal service obtained on both Robert and Edgar. Such service was eventually effected upon Robert on the 108th day. Also on this day October 4, 1979, the Sheriff of San Bernadino County unsuccessfully attempted to serve Edgar. Once again the Sheriff attempted to serve Edgar on October 9, 1979, but was unsuccessful. A non est return was filed by the Sheriff indicating that Edgar was evading service. As a result, plaintiff requested and was issued an alias summons directed to Edgar who eventually was served on October 25, 1979, one hundred thirty-one days after the petition was filed.

A fifth named defendant also a respondent on appeal, Lester Johanning, resided in the City of St. Louis at the instigation of the contest. The Sheriff of St. Louis attempted personal service on Johanning only to file a non est return indicating that Mr. Johanning was deceased. Upon learning that the return may be inaccurate, the plaintiff immediately sought an alias summons on August 30, 1979. The summons was not issued by the court until September 6, and personal service on Lester was not completed until October 1, one hundred-five days after the petition was filed.

During the next three and a half years, defendant Susan Crutcher actively defended the suit by answering the petitions, filing discovery motions, taking depositions of the plaintiff, and of the witnesses to the will, submitting interrogatories to the plaintiff, and also, filing a motion for summary judgment on grounds other than those raised in the motion to dismiss.

On March 1, 1983, defendants moved to dismiss plaintiff's petition for failure to comply with the mandates of § 473.083.6 the essence of which is to claim that the trial court lacked subject matter jurisdiction.

On May 28, 1983, the trial court entered an order dismissing defendants' motion. Five days later it amended this order to read "are herewith overruled." Ultimately, on September 6, 1983, nearly four years after all the defendants were served, the trial court reversed its previous ruling and sustained defendants' motion dismissing plaintiff's action reasoning:

Had the only question of law been plaintiff's diligence in obtaining service, we could have applied the leeway afforded by the statute and rule to the judge. However, we are not in a position to say that the Missouri Legislature when it enacted "addressee only" enacted "In accordance with Federal Postal Policy," and one remote North Carolina case does not change our opinion. Defendant's Motion to Dismiss are herewith sustained. *Orange v. Harrington*, 649 S.W.2d 930 (Mo.App.1983).

Initially, it should be noted that the right to contest a will does not exist independently of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by authority. *Blatt v. Haile*, 291 S.W.2d 85, 88 (Mo.1956). To satisfy this standard when securing and completing service of process, the plaintiff must proceed *diligently*. If all the defendants are not served within 90 days after the petition is filed, he must then show *good cause* for the failure to comply with this stringent

requirement of the statute.[3] After careful consideration of the trial court's order, the legal file, and the peculiar facts of this case, it is the opinion of this court that the only issue properly before the lower court was that of good cause. Since the order indicates that diligence was found, the only other determination to be made is whether the plaintiff can show that good cause existed for the failure to complete service on all defendants within 90 days after he filed the will contest. Any other determination of law is unnecessary and would merely serve to confuse the real issue in the case.

This court has found precedent for the standard of good cause required under the statute in two cases. First, in *Godsy v. Godsy*, 531 S.W.2d 547, 553 (Mo.App.1975) the court concluded that a showing of good cause "must pertain to difficulties in obtaining service of process." Second, in *State, ex rel. O'Connell v. Crandall*, 562 S.W.2d 746, 750 (Mo.App.1978) the court, citing *Godsy*, declared the standard to be a showing of circumstances which prevent or impair service of process. Considering the statute already requires the plaintiff to exercise diligence, it follows that the standards enunciated in *Godsy* and *O'Connell* refer to those difficulties and circumstances attributable to persons and things beyond the control of the plaintiff.

In *Forester v. Roddy*, 418 S.W.2d 67 (Mo.1967) the plaintiff filed suit and attempted to obtain personal service on certain defendants residing in St. Louis County. More than thirty days after the summonses were mailed to the Sheriff of St. Louis County, the summonses were discovered still lodged in the post office in St. Louis City. The Supreme Court of Missouri set aside an order dismissing plaintiff's petition finding good cause by reasoning in part: "Surely the postal department can be expected to deliver mail deposited in the post office in the City of St. Louis to the Sheriff of St. Louis County in much less time than thirty days." *Id.* at 70. In the case at bar, even though Rule 54.16 requires the signature of the "addressee only" when serving process by registered mail, no insufficiency in the service of process would become apparent until Luke signed for his brother Robert. It is the policy of the postal service to accept the signature of the addressee or his authorized agent.[4] Hence, the plaintiff could reasonably assume that Luke had signed as the authorized agent of his mother Susan and his brother Edgar. Surely the postal department can be expected to comply with its own regulations regarding registered mail. Only upon learning that certain summonses destined for Robert in Los Angeles County but signed by Edgar in San Bernadino County, would it become apparent that service of process may be insufficient. To make matters worse a search had to be conducted in the Post Office for those receipts expected from Robert. After locating the receipts and reasonably concluding that difficulties may exist with service on Robert, plaintiff proceeded to secure personal service on both Robert and Edgar pursuant to Rule 54.14.[5] Edgar attempted to evade service in California and an alias summons had to be issued.

Concerning Lester Johanning the personal service on him was also unsuccessfully attempted by the Sheriff of the City of St. Louis. His non est return indicated that this defendant was deceased. The common law or verity rule that a sheriff's return of process is conclusive upon the parties to the suit has been the accepted rule in Missouri since *Hallowell v. Page*, 24 Mo. 590

---

3. The burden of proof as to the issue of good cause is on that party bringing the contest. *Orange v. Harrington*, 649 S.W.2d 930, 933 (Mo. App.1983).

4. As of February 13, 1975, Postal Service [c]ustomers requesting the endorsements 'Deliver to Addressee Only' or 'Deliver to Addressee or Order' should be advised that they are obsolete and have been replaced by the endorsement 'Restricted Delivery.' Restricted Delivery is a service by which a mailer may direct that delivery be made only to the addressee or to an agent of the addressee. Postal Bulletin PB 21023 February 13, 1975, pg. 1.

5. Between the time the search was instigated and the time the receipts were located, Susan Crutcher entered an appearance by her counsel within the 90-day period to defend the suit.

(1857); *State, ex rel. Seals v. McGuire,* 608 S.W.2d 407, 408 (Mo. banc 1980). Due to its conclusive nature no duty existed requiring the plaintiff to verify the sheriff's return. After learning that Johanning may still be alive, the plaintiff requested and was issued an alias summons which resulted in effecting personal service shortly thereafter.

In these circumstances, the plaintiff did all that he could reasonably be expected to do to secure and complete ·service of process. The difficulties in obtaining service all arose through conditions outside the plaintiff's control. Therefore, we believe that plaintiff has shown the statutorily required good cause.

We do not agree with plaintiff's contention that because the motion to dismiss was not made until three and a half years after all the defendants were served, the defendants were estopped or waived any objection to his failure to obtain service upon all of them within the time period prescribed in § 473.083.6. Such statutes confer jurisdiction upon the circuit court and after the lapse of the prescribed period, the court has no jurisdiction over the subject matter of the contest. *Blatt,* 291 S.W.2d at 89. Pursuant to Rule 55.27(g)(3) a motion to dismiss for lack of subject matter jurisdiction may be made at any time during a case's procedural posture. Therefore, the defendants' motion was timely made and it became incumbent upon the plaintiff to show that he fell within the savings provision of the statute which we so found.

Reversed and remanded.

CRIST and CRANDALL, JJ., concur.