Margaret M. COLLIER, Appellant,

v.

Mary Irene DUNNE, et al., Respondents.

No. 50188.

Missouri Court of Appeals, Eastern District, Division One.

June 10, 1986.

Jerome Wallach, St. Louis, for appellant.

Frank R. Smillie, Frlorissant, for respondents.

SNYDER, Judge.

Margaret M. Collier appeals from a judgment dismissing her petition to contest a will. The trial court ruled that appellant did not show good cause for her failure to secure and complete service on all defendants, the parties in interest under the will, within the statutory ninety day period.

In appellant's sole point relied on she contends the evidence established good cause for her failure to serve all the defendants, and therefore, the dismissal was erroneous. This court agrees. Accordingly, the judgment of the trial court is reversed and remanded with directions to reinstate the petition.

Ernest L. Hill (testator) executed a will on July 23, 1983, shortly before his death on October 4, 1983. Appellant challenged whether the will was, in fact, testator's and filed her petition to contest the will on April 13, 1984, naming the seven legatees in testator's will as defendants. Section 473.083.6 RSMo.Cum.Supp.1984 requires the petitioner in a will contest to proceed diligently to secure service of process on all defendants, the parties in interest, within ninety days or to show good cause for failure to do so. Therefore, appellant had until July 12, 1984, to obtain the necessary service.

Appellant secured service of process within the statutory time period on all defendants except Hazel Storm who lived in California. Petitioner was successful in personally serving three other out-of-state defendants. Several attempts to secure personal service upon Hazel Storm were unsuccessful, prompting appellant on day eighty-seven to attempt service by publication which was not completed until August 3, 1984, thirty-two days after the ninety day period had expired.

On January 30, 1985, a defendant moved to have the will contest petition dismissed for failure to serve all defendants within the statutory period. After argument on the motion, the trial court granted it and dismissed the petition.

Section 473.083.6 RSMo.Cum.Supp.1984 provides that in a will contest the petitioner:

[S]hall proceed diligently to secure and complete service. of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant ..., in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed.

The right to contest a will does not exist independent of statutory authority and can be exercised only in strict accordance with and within the limits prescribed by authority. *Stemmler v. Crutcher*, 677 S.W.2d 916, 918[1] (Mo.App.1984). To satisfy this standard when securing and completing service of process, the plaintiff must proceed diligently. *Id.* [2]. If all the defendants in a will contest are not served within ninety days after the petition is filed, plaintiff must then show good cause for the failure to comply with this stringent

requirement of the statute. *Id.* at 918–19[3].

■ The question before this court is whether appellant's efforts to serve Hazel Storm establish good cause for failure to serve her within the prescribed ninety days. This court must review the trial court's action to determine whether there has been an abuse of discretion. *Orange v. Harrington*, 649 S.W.2d 930, 935 [8] (Mo. App.1983); *Powell v. Ware*, 641 S.W.2d 824, 825 (Mo.App.1982).

After careful consideration of the entire record on appeal, the briefs, and the oral arguments, this court concludes that the trial court's finding that there was no good cause for appellant's failure to obtain service of process on defendant Hazel Storm was, in fact, an abuse of discretion.

The following table chronicles appellant's efforts to secure summons upon Hazel Storm at 9618 Cody Way, Stockton, California, the address listed for her in testator's will:

| DAY | DATE | EVENT |
|---|---|---|
| 1 | April 13, 1984 | Petition filed. Summons for Hazel Storm requested. Summons issued to Hazel Storm mailed to attorney for service directed to sheriff of San Joaquin County, Stockton, California. (Legal file does not reflect when attorney received the summons). |
| 4 | April 17, 1984 | Summons sent by attorney to California sheriff. |
| 11 | April 24, 1984 | Summons returned to attorney for failure to include $14.00 sheriff's fee received by attorney. |
| 13 | April 26, 1984 | Summons for Hazel Storm sent to California sheriff for second time. (twelve day delay) |
| 18 | May 1, 1984 | Summons received by California sheriff. |
| 26 | May 9, 1984 | Sheriff attempted service of summons at 6:15 p.m. |
| 31 | May 14, 1984 | Sheriff attempted service of summons at 2:40 p.m. |
| 32 | May 15, 1984 | Sheriff attempted service of summons at 3:50 p.m. |
| 33 | May 16, 1984 | Sheriff attempted service of summons at 10:45 a.m. |
| 40 | May 23, 1984 | Summons "Non est" received by attorney from California sheriff (seven day time lag). |
| 42 | May 25, 1984 | Proof of non est summons filed with St. Louis County Circuit Court. |

| DAY | DATE | EVENT |
|---|---|---|
| 47 | May 30, 1984 | Alias summons requested by appellant's attorney. |
| 55 | June 7, 1984 | Alias summons requested by appellant's attorney filed and ordered to issue. |
| 59 | June 11, 1984 | Alias summons issued to Hazel Storm requested by attorney mailed to him by St. Louis County Circuit Court. |
| 62 | June 14, 1984 | Alias summons sent by attorney to California sheriff with fee. |
| 66 | June 18, 1984 | Alias summons received by California sheriff. (nineteen days after requested). |
| 73 | June 25, 1984 | Sheriff attempted service of summons at 11:05 a.m.; sheriff again attempted service of summons at 3:30 p.m. |
| 76 | June 28, 1984 | Sheriff attempted service of summons at 3:15 p.m. |
| 77 | June 29, 1984 | Sheriff attempted service of summons at 10:25 a.m. |
| 80 | July 2, 1984 | Alias summons showing non est dated by sheriff on July 2, 1984. |
| 84 | July 6, 1984 | Telephone call to California sheriff by attorney disclosed alias summons unexecuted after four service attempts. |
| 87 | July 9, 1984 | Attorney receives unexecuted alias summons; application by appellant for order of publication executed. |
| 88 | July 10, 1984 | Application for order of publication filed. |
| 89 | July 11, 1984 | Order of publication certified to St. Louis Countian. |
| 90 | July 12, 1984 | Expiration of ninety day service period. Unexecuted return on alias summons filed with circuit court by memo dated July 9, 1984. |
| 91 | July 13, 1984 | First publication. |
| 98 | July 20, 1984 | Second publication. |
| 115 | July 27, 1984 | Third publication. |
| 122 | August 3, 1984 | Fourth publication. |
| 128 | August 9, 1984 | Affidavit of service by publication filed by memo dated August 7, 1984. |

*Stemmler v. Crutcher* is the most recent pronouncement on the standard of good cause required by the statute. A showing of good cause requires: 1) proof which must pertain to difficulties in obtaining service of process; 2) proof which shows circumstances that prevent or impair service; and 3) proof that those difficulties and circumstances are attributable to persons and things beyond the control of the plaintiff. 677 S.W.2d at 919.

■ The requirement that the proof pertaining to difficulties in obtaining service of process is easily satisfied by a cursory

review of the table chronicling appellant's actions. The record shows appellant's diligent, but unsuccessful, efforts to secure service on Hazel Storm within ninety days: first, by summons; second, by alias summons; and finally, by publication.

The second inquiry is whether appellant's proof shows circumstances that prevent or impair service. After twice attempting to obtain personal service without success, appellant executed and filed an application for order of publication on day eighty-seven of the ninety day period. The history of appellant's futile efforts to obtain personal service on Hazel Storm on eight occasions from the filing of the petition until nearly eighty days after the filing indicates circumstances preventing or impairing service.

The third inquiry is whether the proof shows that those difficulties and circumstances are attributable to persons and things beyond the control of appellant. Having elected to obtain service of process by personal summons, appellant was diligent in her effort to obtain personal service on Hazel Storm. The sheriff attempted to serve the first summons on four different dates at four different times. After verifying the accuracy of the address for Hazel Storm, appellant ordered an alias summons. The alias summons, after four service attempts, met with the same fate as the first.

This court is further mindful of the inherent delays with the mechanics of execution of personal service on out-of-state residents. The procedure requires that the attorney attempting personal service on an out-of-state defendant apply for the summons with the appropriate county official who then mails the summons to the attorney who in turn forwards the summons and fee to the appropriate out-of-state sheriff, causing delays along each step, which in this case were not the fault of appellant's attorney.

■ This court does not agree with respondent's position that the first failure of the sheriff to serve the summons should have signaled appellant to utilize either registered mail or publication to obtain timely service.

Service by registered mail suffers from its own drawbacks. It requires the requesting party to file an affidavit stating 1) why personal service cannot be had on the person to be served by mail, and 2) the name and address of the person to be served by mail. Rule 54.16. The clerk in turn mails the petition by registered or certified mail, requesting a return receipt signed by the addressee only. *Id.*

■ Service by mail presumes that personal service cannot be had on the defendant. It was not until day eighty-seven, despite careful monitoring of the process and eight futile attempts at personal service, that appellant was alerted that personal service on Hazel Storm was unlikely. Personal service is normally expeditious and very reliable. Appellant had no reason to assume securing service personally on Hazel Storm would be otherwise, especially because three other out-of-state defendants had been personally served.

■ As for service by publication, the party requesting service by publication upon a known party must file an affidavit stating that personal service or service by mail cannot be obtained and that the address of the person to be served is unknown. Rule 54.17(b); *Orange v. Harrington*, 649 S.W.2d 930, 933[2] (Mo.App.1983). Because appellant initially had ascertained the correctness of Hazel Storm's address, an affidavit to the contrary for purposes of publication would have been premature and false. After her eight unsuccessful attempts to personally serve Hazel Storm, appellant could attest that she could not obtain service upon the person and that the address was, apparently, unknown. The diligent efforts of appellant's attorney in this case satisfy the requisite good cause to excuse her failure to serve all the defendants in the will contest within the ninety day period.

A copy of an affidavit of publication is contained in the legal file. If service by publication was obtained on Hazel Storm as

**42**

provided by law, the service by publication accomplished after the requisite ninety day period is valid service because appellant has demonstrated good cause for the failure to secure service within the ninety days.

The judgment of the trial court is reversed and remanded with directions to reinstate appellant's petition to contest the will.

SMITH and CARL R. GAERTNER, JJ., concur.