STATE of Missouri, ex rel., Fred MUELLER, personal representative of the estate of Emmett F. Hoctor, Relator,

v.

The Honorable Stanley J. MURPHY Judge of the Circuit Court of St. Francois County, State of Missouri, Division 1, Respondent.

No. 53270.

Missouri Court of Appeals, Eastern District.

Sept. 8, 1987.
Rehearing Denied Oct. 6, 1987.

Jerome F. Raskas, St. Louis, for relator.

David L. Colson, Farmington, for respondent.

---

SMITH, Judge.

Relator sought a writ of prohibition to prevent respondent from proceeding in a will contest because of failure of plaintiffs to obtain service on a named defendant in the suit. That defendant was a legatee under the will under attack and therefore a person whose interest would be adversely affected by the result of the will contest. He was therefore a necessary party. *See* Sec. 473.083.3 RSMo 1986.

The will contest was filed on November 5, 1986. Plaintiffs filed an affidavit for service by mail as to six defendants including Leonard Hoctor residing at 3723 "W" Street, Omaha, Neb. On November 6, the clerk of the circuit court caused a certified mailing for delivery to addressee only to be mailed to Mr. Hoctor. "First notice" of that mailing was left at the above address on November 8; a "second notice" was left on November 13. On November 23 the mailing was returned "unclaimed" and filed by the clerk on November 26. No further action to obtain service was made by plaintiffs until April 29, 1987, when a summons was served on Leonard Hoctor, at the same address, by mail. In the meantime relator personal representative filed his motion to dismiss on March 9, 1987. The motion was overruled on April 10 following a hearing. The application for writ of prohibition followed. We granted our preliminary writ which we now make absolute.

The contest of a will does not exist independent of statutory authority and such actions must comply with the statutory mandates. *Cole v. Smith,* 370 S.W.2d 307 (Mo.1963) [3]; *Stemmler v. Crutcher,* 677 S.W.2d 916 (Mo.App.1984) [1–4]. Sec. 473.-083.6 requires that the petitioner in such an action "shall proceed diligently to secure and complete service of process ... on all parties defendant." If that service is not secured and completed within ninety days after the petition is filed the petition upon motion "shall" be dismissed "in the absence of a showing by the petitioner of good cause for failure to secure and complete service...." The burden of proof for the showing of good cause is on the party bringing the contest. *Stemmler v. Crutcher, supra,* n. 3. The statute mandating service within the prescribed time is jurisdictional and failure to comply deprives the trial court of subject matter jurisdiction. *Id.* [6].

A three part test of good cause for failure to obtain service has been established. *Stemmler v. Crutcher, supra,* [1–4]; *Collier v. Dunne,* 712 S.W.2d 38 (Mo.App. 1986) [4]. The failure must pertain to difficulties in obtaining service of process; there must be proof showing circumstances that prevent or impair service; and those circumstances that cause the difficulties must be outside the control of the plaintiffs. None of those tests have been met here. One attempt at service was made here. Relator presented in evidence two letters from Leonard Hoctor, on unrelated matters, which reflected his mailing address during the required period of service as that to which the certified letter was originally sent.[1] Those letters reflected copies of the letters were sent to plaintiffs' attorney. No other efforts were made to serve Leonard Hoctor during the required period. Plaintiffs below offered no reason for failure to attempt further service. They did not establish any difficulties in obtaining service, or any circumstances beyond their control which impaired or prevented service other than the failure of Hoctor to claim the original mailing. The single unsuccessful mailing does not establish diligence in attempting to effect service. *See Cole v. Smith,* 370 S.W.2d 307 (Mo.1963). Sixty-nine days still remained to effect service after the original mailing was filed by the clerk reflecting unsuccessful service. Nothing at all was done for the remaining time. Plaintiffs did not carry the burden of establishing good cause for the absence of service and in that posture the respondent had no authority other than to dismiss the petition for will contest.

The return on the original mailing was that it was "unclaimed." Rule 54.20(f) treats "refusal" to receive service as service. But a return as "unclaimed" is not

---

1. He was in fact served at that address on April 29, 1987.

tantamount to a "refusal" under that rule. *Central Wholesale Distributors v. Day,* 672 S.W.2d 88 (Mo.App.1984), n. 2.

Writ is made absolute and relator is directed to dismiss the petition for will contest.

SATZ, C.J., and STEPHAN, J., concur.