Linda L. WOODWARD, Appellant,

v.

Laura E. NYLAND and Laura E. Nyland, Purported Personal Representative under the Purported Last Will and Testament of Dorothy Masterson Sharp, Respondents.

No. 20316.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 6, 1996.

---

Kay S. Graff, Walker, Salveter, Lee & Graff, Springfield, for appellant.

Emory Melton, Cassville, for Respondent Laura E. Nyland, Individually.

David Cole, Cassville, for Respondent Laura E. Nyland, Personal Representative of Dorothy Masterson Sharp, Deceased.

CROW, Judge.

Plaintiff, Linda L. Woodward, alleging she is the only child of Dorothy Masterson Sharp, deceased, filed this suit to contest the deceased's will. Plaintiff named Laura E. Nyland (identified in the petition as the deceased's half-sister and sole legatee) as defendant in her individual capacity and also in her official capacity as personal representative of the deceased.

Five months later, Defendant, individually and as personal representative, moved the trial court to dismiss the suit on the ground that she was not served with process within ninety days after the petition was filed, as required by § 473.083.6, RSMo 1994.[1] The trial court granted the motions and dismissed the suit with prejudice.

█ Plaintiff appeals. Her lone point relied on reads:

**"The trial court erred and it was an abuse of discretion to dismiss Appellant's will contest, in that the Appellant's failure to serve Respondents within 90 days according to section 473.083(6) RSMo. was due to circumstances beyond the Appellant's control, constituting good cause as required by the statute."**

Plaintiff filed suit November 10, 1994. The petition showed Defendant's address as 1375 Highway 65, Eckert, Colorado 81418. The circuit clerk issued two summonses that date, one to Defendant in her individual capacity and one to Defendant in her representative capacity. Apparently through inadvertence, each summons was prepared on Civil Procedure Form No. 1, the form for service in Missouri. The clerk mailed the summonses to the sheriff of Delta County, Colorado, for service.

On December 3, 1994, the circuit clerk received the summonses back from the sheriff of Delta County, Colorado. The reverse side of each summons ostensibly showed Defendant was served in that county November 23, 1994, by a deputy sheriff.

On December 23, 1994, Defendant, in her individual capacity, filed a motion to quash the "purported service," averring the deputy sheriff's return was insufficient to prove service in that it lacked the affidavit required by Rule 54.20(b).[2]

1. Section 473.083.6, RSMo 1994, reads:

"In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure

and complete service, shall be dismissed at the cost of the petitioner."

2. Rule 54.20(b), Missouri Rules of Civil Procedure (1994), reads:

"(1) Every officer to whom summons ... shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the

On January 4, 1995, Defendant, in her representative capacity, filed a similar motion to quash the "purported service," averring the return failed to comply with Rule 54.20(b).

On January 10, 1995, the circuit clerk issued two new summonses, one to Defendant in her individual capacity and one to Defendant in her representative capacity. This time, the clerk utilized Civil Procedure Form No. 5, the form for personal service outside Missouri. The clerk mailed the summonses to the sheriff of Delta County, Colorado.

On February 21, 1995, the circuit clerk received the summonses back from the sheriff of Delta County, Colorado, along with a return stating he was unable to serve them because Defendant "is at Sharp Estate P.O. Box 1744 Quartzsite, Az. 85346–1744 for the winter."

On March 20, 1995, the trial court took up the motions of December 23, 1994, and January 4, 1995, to quash the service that had ostensibly occurred November 23, 1994. The court granted both motions.

On April 3, 1995, the circuit clerk received a request from Plaintiff's lawyer[3] to issue new summonses. The request stated Defendant "has returned to the Colorado address."

On April 4, 1995, Defendant, in her individual capacity, filed a motion to dismiss the suit because no valid service was obtained on her within the ninety-day period required by § 473.083.6.[4] Three days later, Defendant, in her representative capacity, filed a similar motion.

On April 13, 1995, the circuit clerk sent Plaintiff's lawyer a notice that an additional $32 was required for issuance of the new summonses.

On April 20, 1995, the circuit clerk issued two new summonses (using Form No. 5), one to Defendant in her individual capacity and one to Defendant in her representative capacity. The clerk mailed them to the sheriff of Delta County, Colorado.

On May 1, 1995, the circuit clerk received the summonses back from the sheriff of Delta County, Colorado. A return on each summons showed it was served April 24, 1995.

On June 12, 1995, the trial court took up the motions of April 4, 1995, and April 7, 1995, to dismiss the suit because Defendant was not served within the ninety-day period required by § 473.083.6. The trial court granted the motions, finding, *inter alia:*

> "... The return of service [on the summonses ostensibly served November 23, 1994] was not in compliance with Rule 54.20, nor does it appear an attempt was made to amend the return under 54.22. On January 10, 1995, summons was reissued, but returned non-est. Alias summons thereafter issued on April 20, 1995, and service was had April 24, 1995.
>
> . . . .
>
> The Court now finds good cause has not been shown by the plaintiff-petitioner for failing to obtain service."

We begin our analysis of Plaintiff's claim of error by noting she does not contend Defendant was served within the ninety-day period required by § 473.083.6. That is, Plaintiff does not base her claim of error on the premise that Defendant was in fact served November 23, 1994, in consequence of which the trial court should have permitted her to prove such service by allowing the Colorado deputy sheriff to amend his returns on the original summonses per Rule 54.22(a),[5] so

---

affiant, and the affiant's authority to serve process in civil actions within the state ... where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made...."

3. The lawyer who represented Plaintiff in the trial court is not the lawyer representing Plaintiff in this appeal.

4. Footnote 1, *supra.*

5. Rule 54.22(a), Missouri Rules of Civil Procedure (1995), reads:

> "The court may in its discretion allow any process, return or proof of service thereof to be ... amended at any time unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued. The return of service shall be considered prima facie evidence of the facts recited therein."

they would comply with Rule 54.20(b).[6]  As recounted by the trial court in its findings, *supra*, no attempt was made to amend the returns on the original summonses.

Plaintiff states her position clearly and succinctly in the argument portion of her brief:

> "The issue before this Court is whether the Trial Court abused its discretion in finding that there was no good cause shown for appellant's failure to obtain service of process in the ninety day period."

That is the issue we shall address.

Plaintiff's point relied on demonstrates she understands that in our review of the trial court's finding that she did not show good cause for failing to obtain service of process on Defendant within ninety days after the petition was filed, we determine only whether such finding was an abuse of discretion. *Cole v. Smith*, 370 S.W.2d 307, 309–10[4] (Mo.1963); *Powell v. Ware*, 641 S.W.2d 824, 825 (Mo.App.S.D.1982).

Plaintiff begins her argument by citing *Stemmler v. Crutcher*, 677 S.W.2d 916, 919 (Mo.App.E.D.1984), which holds that a showing of good cause under § 473.083.6 must pertain to difficulties in obtaining service of process, i.e., circumstances which prevent or impair service and which are attributable to persons and factors beyond the plaintiff's control.

Reminding us that Defendant resides in Colorado, Plaintiff asserts that service outside Missouri is always more difficult than service in Missouri.  Additionally, says Plaintiff, the order quashing the purported service of November 23, 1993, was a result of the circuit clerk's use of the wrong summons form which did not bear the proper return to prove service by the Colorado deputy sheriff. According to Plaintiff, this mistake was beyond her control, and as soon as she became aware of it she requested issuance of new summonses.

We shall consider the above segment of Plaintiff's argument before advancing to the next phase.

Inasmuch as the circuit clerk received the original summonses back from Colorado on December 3, 1994, Plaintiff's lawyer could have examined them anytime thereafter to see whether the returns complied with Rule 54.20(b).  It is inferable that Plaintiff's lawyer did not do so, as no further effort to obtain service was undertaken until January 10, 1995, when new summonses were issued. The trial court could have reasonably found that by then, Plaintiff's lawyer had known for at least two weeks that the returns on the original summonses were deficient, as Defendant (in her individual capacity) had moved to quash service December 23, 1994.  The motion bears a certification that a copy was mailed to Plaintiff's lawyer that date (December 23).  The record is silent as to why Plaintiff waited until January 10, 1995, to reattempt service.  By then, sixty days of the allotted ninety had passed.

The next segment of Plaintiff's argument concerns the delay between February 21, 1995 (when the Colorado sheriff sent the second set of summonses back to the circuit clerk with the notation that Defendant was wintering in Arizona), and April 3, 1995, when the circuit clerk received the request from Plaintiff's lawyer to issue the third (and final) set of summonses.  Plaintiff says it was not until March 30, 1995, that she learned Defendant had returned to Colorado from Arizona..  Plaintiff asserts she sent the circuit clerk a request that date to issue the new summonses (the request the clerk received April 3, 1995).

Plaintiff explains the delay between February 21, 1995, and March 30, 1995 (thirty-seven days), by averring the only address she had for Defendant in Arizona was a post office box number "which Sheriffs, universally, will tell you they can't serve."

In response, Defendant points out that between February 21, 1995, and March 30, 1995, Plaintiff made no effort to serve Defendant by mail as authorized in Rule 54.12.  In that regard, we note that by February 21, 1995, when the Colorado sheriff sent the second set of summonses back to the circuit clerk unserved, more than ninety days had passed since the petition was filed.  Yet,

**6.**  Footnote 2, *supra*.

Plaintiff waited another thirty-seven days to launch another attempt at service.

Plaintiff endeavors to explain her failure to undertake service by mail by citing *Collier v. Dunne,* 712 S.W.2d 38, 41 (Mo.App.E.D. 1986), which enumerates the drawbacks of such service. However, in *Collier* it was evident on the eighty-seventh day after the petition was filed that despite eight attempts to serve one of the defendants in person, service could not be made. Consequently, the plaintiff in *Collier* executed an application for service by publication that day, prior to expiration of the ninety-day deadline.

Here, after the second set of summonses was sent to Colorado, Plaintiff remained inert while the ninety-day period expired, without attempting any alternative method of service prior to the deadline.

Plaintiff's brief insists she had no reason to fear Defendant could not be promptly served with the second set of summonses, as the original summonses had been easily delivered to Defendant by the Colorado deputy sheriff.

While that may have been Plaintiff's attitude when the second set of summonses was dispatched January 10, 1995, such confidence should have begun to erode as days sped by with no word from Colorado that Defendant had been served. Astonishingly, even when the ninety-day deadline arrived on February 8, 1995, Plaintiff remained passive. A mere phone call to the Colorado sheriff as the deadline approached would have revealed that Defendant had not been served.

Furthermore, once the deadline passed without service of the second set of summonses, Plaintiff could have sought leave from the trial court to allow the Colorado deputy sheriff to amend his returns on the first set to prove they were served November 23, 1994. As reported earlier, the trial court found Plaintiff made no such effort. Plaintiff does not challenge that finding.

Plaintiff's arrant inattention to service is in stark contrast to the diligence displayed by the plaintiff in *Collier.* Consequently, *Collier* does not support Plaintiff.

■ In determining whether the trial court abused its discretion in dismissing the instant suit with prejudice, we are cognizant of the public policy of Missouri that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all. *Kane v. Mercantile Trust Co. National Association,* 513 S.W.2d 362, 365 (Mo.1974); *Cole,* 370 S.W.2d at 309.

■ Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by a trial court, it cannot be said the trial court abused its discretion. *Richardson v. State Highway & Transportation Commission,* 863 S.W.2d 876, 881[15, 16] (Mo. banc 1993).

Defendant's motion of December 23, 1994, should have alerted Plaintiff that Defendant intended to hold Plaintiff to the requirement that service be made within the allotted ninety days. Considering Plaintiff's languid approach toward obtaining service following that warning, we cannot convict the trial court of abusing its discretion in holding that Plaintiff showed no good cause for failing to obtain service before the deadline. We are convinced that reasonable people can differ on this issue; hence, by definition there was no abuse of trial court discretion.

The order of dismissal is affirmed.

PREWITT, P.J., and PARRISH, J., concur.