Edward E. COLE and Viola O. Stetina,
Appellants,

v.

Catherine SMITH et al., Respondents.

No. 49650.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1963.

Hal B. Coleman, Coleman, Ross & Cekovsky, Clayton, William L. Mason, Jr., St. Louis, for appellants.

Austin C. Knetzger, David E. Horn, William P. Chulick, St. Louis, Oliver F. Erbs, Kirkwood, for respondents.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment of the Circuit Court of the City of St. Louis dismissing their petition to contest the validity of the will of Rose Ott. The will purports to devise to persons other than plaintiffs the title to real estate which in the absence of the will would descend to plaintiffs as heirs at law of the testator. For this reason title to real estate is involved. Board of Trustees of Methodist Church v. Welpton, Mo., 284 S.W.2d 580.

Two church organizations and nine individuals were named in the will as beneficiaries and all were made defendants. Apparently personal service was obtained on all the defendants except Della Mason

and Alvina Held. On December 22, 1961, plaintiffs filed two affidavits for service by publication. One was executed November 14, 1961, the day the petition was filed, and it was stated therein that "Alvina Held resides in the City of St. Louis, State of Missouri, but that her present whereabouts are unknown, and cannot, after due diligence, be found within the state." The other affidavit, executed on December 20, 1961, contained the identical statement concerning Della Mason. An order of publication of notice was issued on December 22, 1961, and the notice directed to Alvina Held and Della Mason was published, the last of the required four publications being made on January 24, 1962, seventy-one days after the petition was filed.

On April 11, 1962, Alvina Held and Della Mason filed a motion to dismiss the petition pursuant to Section 473.083, RSMo 1959, V.A.M.S., which provides in paragraph 4 thereof that in any action to contest the validity of a will "the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within sixty days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, in the absence of a showing by the plaintiff of good cause for failure to secure and complete service, shall be dismissed by the circuit court at the cost of petitioner."

■ Alvina Held and Della Mason were legatees, and were necessary parties to an action to set aside the will. Blatt v. Haile, Mo., 291 S.W.2d 85, 89. Neither was personally served, and apparently no summons directed to either was ever issued. At least, no non est return was made. Alvina Held then resided, and for many years had resided, at 5718 Finkman Avenue, St. Louis, Missouri, and she was listed in the St. Louis City Directory and shown to be residing at that address. Della Mason then resided, and for many

years had resided, at 2231 Brown Road, Overland, St. Louis County, Missouri. She was listed in the telephone book as "Mrs. D. Mason," and she was also listed in the St. Louis County directory and shown to be residing at the above address. The application for letters testamentary in the estate of Rose Ott on file with the Probate Court of the City of St. Louis, contained the names of Alvina Held and Della Mason as legatees under the will, and the address of each was there shown to be as above stated. During the sixty day period following the filing of the petition both of these defendants were at their respective places of residence and subject to being personally served. Apparently, the only effort to locate Alvina Held and Della Mason for purposes of obtaining service on them was made by the secretary of plaintiffs' counsel at his request. She checked the files in the office where she worked, "checked the phone books" and a "street directory." She also called various persons listed under the name of Mason or Held but did not locate these two defendants. She did not know how many calls she made, but as she said, "it totaled probably four days phone calling back and forth because I located numbers and I called, and I would get no answers, and then I would try the next day." She did not consult the St. Louis City or St. Louis County directories because "we didn't have either one of those books in our office," and she did not check the file in the Probate Court of the City of St. Louis pertaining to the estate of Rose Ott. She "couldn't say for sure" whether she saw the listing in the telephone directory for "Mrs. D. Mason" because she was "looking for Della Mason."

The trial court sustained the motion of Alvina Held and Della Mason and dismissed the petition. Appellants assert on this appeal that service by publication is a "separate and permissive" method of obtaining service, Civil Rule 54.08, V.A.M.R.; that the order of publication was made on December 22, 1961, but "the clerk [of the

circuit court] made no copy available for the printer" until January 2, 1962; that "this Court knows that this was the Christmas and New Year's holiday season, likely to be celebrated by Christians in a manner appropriate to the customs prevailing in St. Louis, Mo.;" and that this constituted "good cause for failure to secure and complete service," or at least there was no showing of lack of good cause. The record shows only that order of publication was entered on December 22, 1961, that a copy was certified on January 2, 1962 as a true and correct copy, and that the first publication was had on January 3, 1962. It does not show the reason for the delay. Those respondents who have filed a brief in this court contend that plaintiffs have failed to "show good cause for failing to secure and complete service," and that "service by publication did not cure the failure to procure personal service" because "statutes" providing for service by publication are strictly construed and the "publication was a nullity." They fail, however, to state why they contend the service by publication was a nullity.

■ The right of an interested party to contest a will is statutory and can be exercised only as provided by statute. Black v. City National Bank & Trust Company, Mo., 321 S.W.2d 477; State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316; 57 Am.Jur. Wills § 759. The Legislature has declared the policy of this state to be that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all as evidenced by the fact that the suit to contest the will must be filed in the circuit court within nine months after the date of the probate thereof and the petitioner must then "proceed diligently to secure and complete service of process as provided by law on all parties defendant." Section 473.083, RSMo 1959, V.A.M.S. See also Blatt v. Haile, Mo., 291 S.W.2d 85. The Legislature has further declared, in furtherance of this policy, that if those who seek to contest the

will do not secure and complete service of process within sixty days after the petition is filed, on motion of any defendant the petition "shall be dismissed" by the circuit court "in the absence of a showing by the plaintiff of good cause for failure to secure and complete service." Section 473.083, supra. Personal service was not had in this case, and apparently was not even attempted. Service by publication was not completed within the sixty day period. The trial court heard the evidence on the question of whether appellants showed good cause for the failure to secure and complete service of process within the prescribed time and ruled against them. The question before us is whether the trial court abused its discretion in so ruling. Blatt v. Haile, supra; Hanna v. Sheetz, 240 Mo. App. 385, 205 S.W.2d 955.

■ Regardless of the evidence to the effect that the addresses of Alvina Held and Della Mason were available to appellants from other sources, the evidence clearly establishes that the names and addresses of Alvina Held and Della Mason were available to appellants in the file of the estate of Rose Ott in the Probate Court of the City of St. Louis, the court which had admitted to probate the will which appellants sought to contest. In addition, appellants knew or should have known that the file would contain the information necessary to obtain personal service on these two defendants because Section 473.017 provides that an application for letters testamentary shall state "The names, relationship to decedent, and residence addresses of the surviving spouse and heirs, devisees and legatees of the decedent, if any, * * *." The failure of counsel to examine that file is unexplained except that the matter apparently was left to the attention of a secretary who did not examine the file. We know that as a practical matter a telephone call to the clerk of the probate court would probably have resulted in obtaining the needed information, but that telephone call was not made or attempted. We think that the evidence estab-

lishes that the trial court did not abuse its discretion in ruling that appellants did not show good cause for failing to obtain and complete personal service. In fact, the evidence compels that result.

■ Appellants say, however, that service by publication is a "separate and permissive" method of obtaining service in a case "affecting a * * * will," see Civil Rule 54.08, V.A.M.R., which includes a contest thereof, and that the failure to complete the service by publication within the stated period was shown to be for good cause because of the delay on the part of the clerk in making available to the printer a copy of the order of publication. We shall assume that under the facts of this case service by publication was permissive and would have been sufficient if completed within the sixty days. However, under the circumstances we see no reason to rule that the trial court abused its discretion in dismissing the petition. The clerk was not charged with knowledge that the sixty day period was about to expire so that he had a duty to expedite the execution of a certified copy to be made available to the printer. However, appellants did know or should have known of the time limitation and that the Christmas and new-year season was approaching. But, as far as is shown by the record no request was made to the clerk by appellants to expedite the certification of a copy of the order of publication. See State ex rel. and to Use of City of St. Louis v. Priest, 348 Mo. 37, 152 S.W.2d 109, and the comments there made concerning the duties of clerks under such circumstances. More important, however, appellants had two alternative and permissive methods of obtaining service, or at least we have assumed so according to their contention, but they selected the method which could not be completed, or at least was not completed, within the prescribed period of time when by the exercise of ordinary diligence and care in the prosecution of the suit personal service easily could have been completed within the sixty day period. In doing this they did not proceed diligently to secure and complete service of process within the meaning of Section 473.083.

The trial court heard the evidence, passed on the issues of fact, and under the facts and circumstances we cannot rule that it abused its discretion in dismissing the petition. Therefore, the judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.