**In re the Marriage of Patricia Ann PIKEY and James Wallace Pikey, Patricia Ann Pikey, Petitioner,**

v.

**James Wallace PIKEY, Respondent.**

**No. 40875.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 9, 1980.

W. Scott Pollard, Florissant, for petitioner.

Milton W. Schaeffer, Clayton, for respondent.

PUDLOWSKI, Judge.

Petitioner appeals from an order entered by the Circuit Court of St. Louis County. That order sustained respondent's motion for a directed verdict and denied petitioner's motion to modify the decree of dissolution or in the alternative to set aside and vacate the order of February 18, 1976.

Petitioner, Patricia Ann Pikey, and respondent, James Pikey, were divorced on May 20, 1968. In the decree, the trial court awarded custody and control of the minor child, Mary Patrice Pikey, to her natural mother, Patricia Ann Pikey. James Pikey was given visitation rights on fixed days of the week at specific hours of the day.

Petitioner lived with her child and her then husband, Steve Webb. One evening in late January or early February Webb came home drunk and began disciplining the child. Petitioner intervened to protect her daughter. Webb responded by inflicting bodily harm on petitioner. As a result she required medical treatment and was hospitalized for approximately a week.

On February 2, 1976, respondent filed a motion to modify the original divorce decree. On that same date, while she was hospitalized, petitioner was personally served with a summons and respondent's motion to modify the divorce decree. On February 3, 1976, petitioner, while being treated in the hospital and under medication, was presented with a stipulation by respondent which provided that custody of Mary Patrice Pikey should be transferred to her natural father, respondent, James Pikey. Petitioner signed the stipulation. However, the stipulation did not waive notice of the hearing on the motion to modify the original divorce decree. On February 6, 1976, the motion was set by respondent for hearing on February 18, 1976. Petitioner was not given notice of this hearing, nor did she file an entry of appearance.

On February 18, 1976, the trial court entered the following memorandum: "Cause called, Movant appears in person and by attorney. Testimony adduced–Motion to Modify Decree of Divorce sustained. Minor child, Mary Pikey, custody awarded to Movant, James Pikey in accord with stipulation filed. Order of child support to Pl.–Pet. order striken [sic]." Signed.

On October 18, 1976, petitioner filed a motion to set aside the court order of February 18, 1976, which transferred custody. Petitioner, alleged, among other matters that she had not received notice of the hearing and the court record was facially irregular. Subsequently, on April 8, 1977, petitioner refiled her motion to set aside and in the alternative filed a motion to modify the February 18, 1976 order alleging that the modification order was improper because she did not receive notice of the February 18, 1976 hearing and because circumstances had changed which mandated a modification in the best interest of the child. Petitioner's motions were denied.

Petitioner's first contention is that the order of February 18, 1976, is invalid because she was not given notice of the date of the hearing. We agree.

█ It is well settled that a motion to modify a divorce decree, in so far as it affects custody of minor children, is in the nature of an independent proceeding. *Fernbaugh v. Clark*, 236 Mo.App. 1200, 163 S.W.2d 999, 1003 (1942). Although such a motion is treated as a petition in an original action, *North v. North*, 339 Mo. 1226, 100 S.W.2d 582, 587 (1936), a summons in usual form need not be issued and served. *Burgess v. Burgess*, 190 S.W.2d 282, 284 (Mo.App.1945). However, when a movant causes a summons to be issued and served along with the motion, respondent has 30 days from the date of service to answer or file an entry of appearance. Rule 44.01(d). Where a summons is not issued and served, reasonable notice sufficient to meet the requirements of due process must be served on the other party or his attorney. Mo.Const. art. 1, § 10, *Greene v. Greene*, 368 S.W.2d 426, 428 (Mo.1963). In either case Rule 44.01(d) requires that a copy of the motion and notice of the hearing be served not less than five days before the time specified for the hearing.

Rule 74.32 provides that "judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after rendition thereof." This rule is the same as § 511.250 RSMo 1978, except that the phrase, "the term at which such judgment was rendered" becomes "the rendition thereof." An irregularity within the meaning of Rule 74.32 and § 511.250 RSMo 1978 has been defined as the failure to adhere to some prescribed rule or mode of proceeding. *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351, 354 (Mo.1954). Such an irregularity consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it at an unseasonable time or an improper manner. *Ruckman v. Ruckman*, 337 S.W.2d 100, 102 (Mo.App.1960). The premature disposition of the motion constitutes an irregularity within the meaning of Rule 74.32, *Poindexter v. Marshall*, 193 S.W.2d 622, 624 (Mo. App.1946). Further, the total lack of notice of the premature hearing is an irregularity for which the order of February 18, 1976 must be vacated. Rule 44.01(d), *White v. Huffman*, 304 S.W.2d 909, 911 (Mo.App. 1957).

Because the court erred in overruling petitioner's motion to set aside the order, the cause is remanded to the trial court with instructions that the order of February 18, 1976 be vacated. The original divorce decree of May 20, 1968 being a binding and final judgment, controls the question of who has legal custody of Mary Patrice Pikey. *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323, 328 (1952). Thus, custody is vested in petitioner, Patricia Ann Pikey, in conformity with that decree and she should be given fourteen days from the date this mandate is issued to proceed in accordance therewith.

It is so ordered.

GUNN, P. J., and STEPHAN, J., concur.