Steve POWELL and Ingrid Powell,
Plaintiffs-Appellants,

v.

Stephen E. WARE, Helena Hino and Charles Edward Hino, Barbara Shimkunas and Frances Black, Stacey Ann Shimkunas, Violetta Richardson, Carmen McGinnis, Charles W. Morrison, May Ellen Hino Hernandez and Richard Hernandez, Mary Coley and her husband, Defendants-Respondents.

No. 12496.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 1982.

Motion for Rehearing or Transfer Denied
Nov. 1, 1982.

Application to Transfer Denied
Dec. 13, 1982.

Donald W. Ingrum, Branson, for plaintiffs-appellants.

Richard Owensby, Neale, Newman, Bradshaw & Freeman, Springfield, for defendants-respondents Richard Hernandez, Personal Representative of the Estate of Helena Hino, Deceased, Charles Edward Hino, Mary Ellen Hino Hernandez and Richard Hernandez.

HOGAN, Judge.

This proceeding is an action to have a rejected will admitted to probate. It is therefore a "will contest" within the intent of § 473.083, RSMo 1978.[1] The Circuit

---

1. All references to statutes and rules are to RSMo 1978, V.A.M.S. and V.A.M.R., unless   otherwise specifically noted.

Court of Stone County dismissed the action upon the ground that service of process was not secured and completed upon all parties defendant within 90 days after the petition was filed, as required by § 473.083.5. The plaintiffs have appealed. We review only to determine whether there has been an abuse of discretion. *Cole v. Smith,* 370 S.W.2d 307, 309 (Mo.1963); *Blatt v. Haile,* 291 S.W.2d 85, 88 (Mo.1956).

Jennie Ford, a 74-year-old resident of Stone County, died May 22, 1980. On June 4, 1980, a will Jennie had executed September 13, 1967, was admitted to probate by the Probate Division of the Circuit Court of Stone County. On October 10, a handwritten instrument which purported to be Jennie's last will and testament and which purported to revoke any and all other wills, was presented for probate. The handwritten instrument was dated December 23, 1977. On October 21, 1980, the regular judge of the Probate Division of the Circuit Court of Stone County entered an order rejecting the later will upon the ground that Jennie had been declared incompetent 3 days before the later will was executed and upon the further ground that the witnesses to the holographic will failed to swear to the testatrix's competency at the time the instrument was executed.

On October 23, 1980, plaintiffs commenced this action in the Circuit Court of Stone County. On February 25, 1981, 122 days after the action was begun, defendants Hernandez filed a motion to dismiss the petition, alleging in substance that they had never been effectively served with process. On August 24, 1981, the trial court heard evidence and received proof, and being satisfied that defendants Hernandez had not been timely served as required by § 473.083.5, dismissed the action. On appeal, plaintiffs argue that the trial court abused its discretion because they made a showing of good cause for their failure to secure and complete service within 90 days. Defendants maintain they were never effectively served and that the appeal is not properly lodged in this court.

■ Defendant's argument that this court lacks jurisdiction is ill taken. Their point is based on the notion that an associate circuit judge sits as such, even when he sits as judge of the probate division; therefore this action is really a species of trial de novo as defined and limited in § 512.180.1. Defendants argue that § 512.180.1 and § 473.083.5, before amendment, "conflicted." Because § 473.083 has been amended, we decline to pursue the point at length. Perhaps the provisions of former § 473.083.4 were confusing because it distinguished contests of a probated will and petitions to probate a will after rejection. Nevertheless former § 473.083.4 in terms provided that actions to probate a will after rejection would be heard before "a circuit judge" and that "[s]ervice of summons, petition, and ... subsequent proceedings" would be governed by rules of procedure applicable to circuit courts. In our view, the language of former § 473.083.4, at least as to rejected wills, vested jurisdiction of the will contest in the circuit court, see *Gillman v. Mercantile Trust Co., Nat. Ass'n,* 629 S.W.2d 441, 445–446 (Mo.App.1981), and the appeal is properly here.

■ We have also taken note of defendants' argument that they were never effectively served with process at any time. The point is arguable, but inasmuch as untimely service, in this particular case, is the equivalent of no service at all, it is unnecessary to consider the argument at length.

The statutory requirement with which we are concerned was codified as § 473.083.5 in the 1978 revision and read as follows:

"In any such action the petitioner *shall proceed diligently* to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant, duly served upon the petitioner or his attorney of record, *in the absence of a showing by the petitioner of good cause* for failure to secure and complete service, shall be dismissed at the cost of the petitioner." (Emphasis ours.)

The plaintiffs have focused their argument upon the words "good cause." They have elaborated the facts of several cases, particularly *Forester v. Roddy,* 418 S.W.2d 67 (Mo.1967) and *Shaffer v. Cochenour,* 569 S.W.2d 320 (Mo.App.1978). They stress the difficulty inherent in securing personal service outside the state, and some of the proof offered by the plaintiffs tends to show that the California officers, to whom the original summons was sent, dallied with service of the process requested.

At the hearing on defendants' motion to dismiss the action, plaintiffs had evidence that after the second will was rejected, they employed an attorney who commenced the will contest at their instigation. The petition, as indicated, was filed October 23, 1980. On December 4, the attorney employed by the plaintiffs sent them a letter, advising them that he expected to be a witness when the will contest came to trial, and that he believed he should not attempt to testify to Jennie's competence and represent plaintiffs at the same time. Plaintiffs were advised to obtain other counsel.

Because plaintiff Steve Powell was ill, he did not immediately employ other counsel. He did meet with his present counsel in "mid-December" 1980, and finally employed him "the first week or so in January." Plaintiffs' present counsel had his office inquire about service, then went out of the state. Upon his return, counsel contacted the California authorities to determine why defendants Hernandez had not been served. The defendants were finally served 95 days after the petition was filed.

Plaintiffs' evidence tends to show the exercise of diligence from and after the middle of December 1980; it does not explain or tend to excuse plaintiffs' failure to employ an efficient method of service when the action was commenced, or the failure to inquire up to the time the California officers were contacted by telephone. Plaintiff Steve Powell knew where defendants Hernandez lived; he testified he had talked to them "once or twice" by telephone. Rule 54.12 in terms provides that service in any civil action "affecting . . . a will . . ." may be had by personal service outside the state, personal service by mail, or service by publication. The record is wholly barren of any suggestion that service by mail was requested; it does show that defendants Hernandez were eventually served at the very address furnished to the circuit clerk when the action was commenced. The fact that the original summons was allowed to expire and become functus officio without obtaining an order extending time for service thereof as permitted under Rule 54.21 indicates something less than the "diligence" required by § 473.083.5.

The fact that the defendants were finally served 95 calendar days after the petition was filed does not, in the circumstances, mitigate plaintiffs' failure to employ an efficient means of service when the action was commenced nor their failure to inquire before the middle of January 1981. Prejudice to the defendants is not the issue; the intent of the General Assembly was that will contests should be prosecuted diligently or not at all. *Kane v. Mercantile Trust Co. National Association,* 513 S.W.2d 362, 365[6] (Mo.1974); *Cole v. Smith,* supra, 370 S.W.2d at 309[3]. We find no abuse of discretion. The judgment is affirmed.

MAUS, P.J., disqualified.

PREWITT, J., concurs.