**Edna FEDOR, f/k/a, Edna Strelow, Appellant,**

v.

**Kenneth STRELOW, Respondent.**

**No. 44636.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 1983.

---

**3.** For an excellent discussion of this issue, see *Buus v. Stocker Oil Co.,* 625 S.W.2d 236, 239–240 (Mo.App.1981).

Gerald J. Bamberger, St. Charles, for appellant.

Michael A. Turken, St. Charles, for respondent.

CRIST, Judge.

The defendant and plaintiff, formerly husband and wife (which is how we refer to them hereafter), were divorced in 1973. Wife appeals from an adverse judgment in her action to recover money due and owing her under the following terms of the parties' contract for wife's post-divorce support:

> [I]t is agreed between the parties that the [husband] shall pay ($12,000) twelve thousand dollars alimony in gross payable ($100.00) one hundred dollars per month forthwith until such amount is paid. * * [Wife] further agrees that should she remarry on and after the date of her marriage the payments on the alimony in gross shall cease. [Husband] further agrees that until the ($12,000.00) twelve thousand dollars alimony in gross is fully paid by him to [wife] or to her estate he will agree to the restriction that any business property that he is the owner of on the date of [this agreement] will not be sold without applying his total gross recovery to the payment of alimony in gross as agreed to above.

At the time of the agreement, husband owned a dry cleaning establishment he had purchased a year or two earlier. He sold it for $6,600.00 cash between March and May of 1976, and testified he used the proceeds to pay the business' debts. Husband made no monthly payments on his $12,000.00 support obligation until February, 1978.

Wife contends here, as she did in the trial court, that the $6,600.00 husband received on the sale of the dry cleaning business was his "total gross recovery" on the sale, and should have been paid to her under the support agreement just quoted. She sought judgment for the balance of the $12,000.00 that would have remained unpaid as of the trial date had the $6,600.00 been paid to her in 1976, together with interest on all delinquent payments reaching back to 1973.

The trial court concluded: First, husband realized no "total gross recovery" on selling his dry cleaning business because the proceeds were used to pay the business' debts, and wife was entitled to no part of the $6,600.00 Second, even if wife were entitled to the sale proceeds, husband need only pay them to her at the rate of $100.00 per month; and because husband as of the trial date was caught up on his monthly payments to wife, wife would be entitled to

recover nothing. And third, wife in any event was barred by "the doctrines of res judicata and collateral estoppel" from claiming any amounts due and owing prior to May, 1980, the date the circuit court quashed wife's earlier misguided effort to collect the support arrearages through execution on the divorce decree.

We vacate the judgment and remand with instructions to enter judgment for wife.

■ We need not determine whether wife's action is barred by res judicata or collateral estoppel. Both are affirmative defenses and must be specially pleaded. *See: Newton v. Newton,* 622 S.W.2d 23, 25 (Mo.App.1981); *Arthur v. Evangelical Deaconess Soc., etc.,* 615 S.W.2d 438, 443 (Mo. App.1981). Husband's answer to wife's petition was a bare general denial. Consequently, neither defense was properly before the trial court, and its "holding" on those defenses is to that extent a nullity.

■ Nor will we belabor the point that the $6,600.00 husband received on the sale of his dry cleaning business constituted his "total gross recovery" on that sale. Words in a contract must be given their natural and ordinary meaning, *Goodman v. Goodman,* 576 S.W.2d 747, 749 (Mo.App.1979), and not even husband suggests what the contract term refers to if the sale price paid to him is excluded. That the business' debts equalled or exceeded the sale price or that husband used the proceeds to pay them means only that the sale yielded no *net* recovery to husband—a fact of no consequence to husband's obligation to pay to wife his total *gross* recovery.

■ Further, the contract obliged husband to pay the sale proceeds to wife when he received them, rather than pay them out in $100.00 per month installments as specified in the first-quoted sentence of the contractual support provision. Husband and the trial court would consolidate under the first-quoted sentence of the contractual support provision those payments required under the third. They are written as separate provisions, however, and "if possible, a

court will give effect to all parts of an instrument, and a construction that gives a reasonable meaning to all provisions will be preferred to one that leaves a portion of the writing useless or inexplicable." *Harris v. Union Elec. Co.,* 622 S.W.2d 239, 248 (Mo. App.1981). The payments required by the first sentence are paid as alimony in gross, and if and when wife remarries the payments terminate and the unpaid balance of $12,000.00 is forgiven. But husband's "further agree[ment]" under the third-quoted sentence was to pay his "total gross recovery" on the sale of his business, not as alimony in gross but toward the unpaid balance thereof. And one may reasonably infer from husband's agreement to apply his "*total* gross recovery to the payment of alimony in gross" (emphasis added) that he agreed to pay all he recovered when he recovered it, which precludes payment in installments.

Wife also correctly contends she is entitled to interest on the unpaid sale proceeds and delinquent monthly payments from the dates they should have been paid to her. Section 408.020, RSMo 1969 provided, so far as pertinent here:

Creditors shall be allowed to receive interest at the rate of six percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts
. . . .

The statute was repealed and re-enacted by Laws of Mo.1979, p. 565 and 566, for the purpose of increasing the interest rate to nine percent per annum effective September 28, 1979. *Cotton v. 71 Highway Mini-Warehouse,* 614 S.W.2d 304, 308 (Mo.App. 1981). We held in *Doerflinger Realty Company v. Fields,* 281 S.W.2d 609, 613 (Mo. App.1955):

Money is due and payable [under the statute] where there is a legal obligation to pay it and the time set for its payment has arrived. [authority omitted] The time set for its payment may be fixed either by the instrument, or by the law itself... From that date [the creditor under a written contract] is entitled to

interest, under the statute, though no demand is made.

We would ordinarily proceed under § 512.160(3), RSMo.1978 to give wife the judgment the trial court ought to have given her. We cannot do so because we cannot calculate the interest on the business sale proceeds to which wife is entitled—the trial court made no finding as to the date husband received those proceeds, and we cannot fix that date with confidence on this record. Therefore, the judgment is vacated and this cause is remanded with instructions to determine the date on which husband received the proceeds from the sale of his dry cleaning business, and to thereupon enter judgment for wife consistent with this opinion.

Judgment vacated and cause remanded with instructions.

CRANDALL, P.J., and REINHARD, J., concur.