**Robert Clem MADSEN, Appellant,**

v.

**Anita Ann MADSEN, Respondent.**

**No. 52048.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 14, 1987.

Motion for Rehearing and/or
Transfer Denied
June 9, 1987.

Application to Transfer Denied
July 14, 1987.

Kimyard H. Tucker, St. Louis, for appellant.

Catalina Margarita Alvarez, Clayton, for respondent.

CLEMENS, Senior Judge.

In this case plaintiff-husband moved to convert a previous decree of legal separation into a decree of dissolution, pursuant to § 452.360.3, RSMo 1986. Although the wife was personally served with the husband's motion, she was never given notice of the hearing thereon. Nevertheless, on July 23, 1985, the trial court entered a default decree of dissolution to the husband.

Eight months later the wife moved to set aside the ex parte dissolution decree. Husband then moved to dismiss the wife's motion. On June 20, 1986, the trial court denied husband's motion to dismiss. Thus, the wife prevailed and the husband has appealed.

By Count II of her challenge to the dissolution decree, the respondent-wife contended the husband had failed to comply with Supreme Court Rule 44.01(d). As pertinent here, that rule declares: "A written motion ... and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing...."

To this the husband replies the trial court lacked jurisdiction to set aside the dissolution decree; this, because Supreme Court Rule 43.01(a) requiring service of pleadings except therefrom "parties in default except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons." That rule is not clearly pertinent here because the husband was making a new claim for relief. We look instead to the basic principle requiring notice by a movant to a respondent—here, by the husband to the wife.

Notice is an integral part of our system of justice, even without legislation or specific court rule.

In the oft-cited case of *Baker v. Baker*, 274 S.W.2d 322, 325–26 (Mo.App.1954) the court ruled:

> Supreme Court Rule 3.25 is silent as to notice [but that] does not permit us to conclude, as plaintiff would have us do, that no notice of intended action thereunder need be given [citation], for 'the requirement of reasonable notice goes deeper than that.' 'In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice'—'a prerequisite to the lawful exercise of the court's power'—'basic in simple fundamental justice.'
>
> \* \* \* \* \* \*
>
> [T]he purpose of reasonable notice is that the party to be affected adversely 'may appear for his own protection.'

This principle of requiring notice was repeated in *Wheatley v. State*, 559 S.W.2d 526, 527[2] (Mo.banc 1977):

> It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection....

It follows that the trial court here, without notice to the wife, erred in giving the husband a decree of dissolution. It follows therefore that the motion court was correct in voiding the husband's dissolution decree.

We affirm the June 20, 1986 order, and remand to the trial court with instructions to allow the husband and the wife, in turn,

leave to amend their pleadings, and for a new trial.

CRIST, P.J., and CRANDALL, J., concur.