**Claudette Cecelia (Oliver) now HOUSEHOLDER, Respondent,**

v.

**William Lee OLIVER, Appellant.**

No. 53061.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 15, 1987.

Daniel W. Deiter, Montgomery City, for appellant.

Edward W. Brandecker, Columbia, for respondent.

GARY M. GAERTNER, Judge.

Appellant (hereinafter referred to as Husband) appeals from the lower court's order of March 25, 1987, setting aside a prior default judgment which had modified a decree of dissolution as to custody. On appeal, Husband argues that the order setting aside the judgment was barred by res judicata, collateral estoppel and waiver. He also alleges that Respondent (hereinafter referred to as Wife) received the requisite notice of the hearing on which the default judgment relied. Finding Husband's contentions to be without merit, we affirm.

The events leading to the lower court's order of March 25, 1987, began February 19, 1986 when Husband filed a motion to modify the dissolution decree which gave custody of the couple's children to Wife. Wife was served with a summons regarding Husband's motion to modify the decree but she did not file a responsive pleading. On April 24, 1986 a hearing took place on Husband's motion; Husband was present, but Wife did not appear. The lower court then entered a default judgment granting

custody of the couple's children to Husband. Wife proceeded to file on May 6, 1986 a motion to set aside the default judgment, which motion was denied on May 23, 1986. On August 7, 1986 Wife filed another motion to set aside the default judgment. The trial court sustained Wife's second motion on March 25, 1987. Accordingly, the default judgment was set aside. The March 1987 order specifically found that Wife did not receive notice of the date and time of the hearing.

Initially, this court recognizes that the decision to set aside a default judgment is a matter left to the lower court's discretion; we will only interfere with the lower court's decision if we find an abuse of discretion. *Murray v. Sanders,* 667 S.W.2d 426, 427 (Mo.App., W.D.1984). Further, the appellate court is less likely to interfere when the lower court grants a motion to set aside a default judgment than when it denies such a motion. *Id.*

■ In his first point, Husband contends that the doctrines of res judicata, collateral estoppel and waiver barred Wife's August 1986 motion to set aside the default judgment, as Wife's previous May 1986 motion had been denied. However, one must affirmatively set forth the defenses of res judicata, collateral estoppel and waiver. Rule 55.08. The defenses must be asserted by the party who seeks to interpose them in his responsive pleading. *Grossman Iron & Steel Co. v. Bituminous Casualty Corp.,* 558 S.W.2d 255, 262 (Mo.App., E.D. 1977). In the present case, Husband did not file a pleading in response to Wife's August 1986 motion. Thus, as it was Husband's duty to specially plead these defenses and he failed to do so, he cannot now raise them for the first time on appeal. *Fedor v. Strelow,* 648 S.W.2d 626, 628 (Mo. App., E.D.1983); *Newton v. Newton,* 622 S.W.2d 23, 25 (Mo.App., E.D.1981). This point is denied.

■ In his second point, Husband alleges that Wife received adequate notice of the hearing, which hearing was to consider Husband's proposed modification of the dissolution decree. Therefore, he argues, the default judgment should not have been set aside. However, where a judgment is irregular, it may be set aside. Rule 74.32.

Irregularity, within the meaning of Rule 74.32, consists either in omitting to do something that is necessary for the due and orderly conduct of a suit or doing it at an unseasonable time or in an improper manner. *Pikey v. Pikey,* 605 S.W.2d 215, 217 (Mo.App., E.D.1980); *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 811 (Mo.App., W.D.1985). Wife's lack of notice as to the hearing comprises an irregularity on account of which the judgment must be set aside. *Pikey v. Pikey,* 605 S.W.2d at 217. In *Pikey,* the court determined that the lack of notice to wife concerning a hearing on husband's motion to modify their divorce decree was an irregularity requiring vacation of the order modifying the decree. *Id.* As well, the decision in *Madsen v. Madsen,* 731 S.W. 2d 324, 325 (Mo.App., E.D.1987) is completely on point and mandates that we affirm the lower court's order setting aside the default judgment. In *Madsen,* this court held that the lower court properly granted wife's motion to set aside an *ex parte* dissolution decree where, although wife was served with husband's motion seeking dissolution, she was never given notice of the hearing thereon. The wife in *Madsen* filed her motion to set aside the dissolution decree eight months after the lower court had entered the default dissolution decree. *See also Pierce v. Pierce,* 737 S.W.2d 508 (Mo.App., E.D.1987). This point is denied.

■ It is to be noted that there is a distinction between this case involving a motion to modify and an original action filed by a plaintiff for civil damages. In the latter situation, no notice of a default hearing is required after summons is served upon a party. *Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc 1985). In this situation involving a motion we are governed by rule 74.32.

We affirm.

SATZ, C.J., and SIMEONE, J., concur.