Roy A. WALKER, Appellant,

v.

Carol A. WALKER, Respondent.

No. 56828.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1990.

Barry S. Ginsburg, Clayton, for appellant.

Chester Love, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, husband, appeals from a June 5, 1989, order of the Circuit Court of St. Louis County amending a decree of dissolution previously entered by the court on April 26, 1989. We reverse and remand.

Appellant, Roy Walker (husband) and respondent, Carol Walker (wife), were married on February 15, 1958. The couple separated more than twenty seven years later on July 26, 1985. On March 13, 1986, the couple signed a separation agreement which *inter alia* provided that husband pay for wife's major medical health insurance coverage, maintain his wife as a beneficiary of his life insurance policy and pay $350.00 per month in maintenance. This separation agreement became part of the couple's decree of legal separation entered that same day.

On September 14, 1988, husband filed a motion to convert the decree of legal separation to a decree of dissolution pursuant to RSMo § 452.360(3) (1986). Husband also requested that the court delete the sections of the separation agreement relating to the life insurance policy and his required payment of wife's major medical plan. Wife filed an answer asserting a general denial on October 14, 1988, and filed a motion to modify the terms of her maintenance on November 23, 1988. A hearing was held on these motions and on April 26, 1989, the trial court granted the motion to convert and ordered that the wife be solely responsible for her medical insurance, that husband be allowed to change beneficiaries on the life insurance policy and that maintenance be maintained at $350.00 per month.

On May 10, 1989, wife filed a motion to amend the decree of dissolution alleging that the provisions of the decree of legal separation relating to the life insurance policy and husband's obligation to provide health insurance were res judicata and could not be considered again by the trial court. The trial court agreed and on June 5, 1989, issued an order amending the decree of dissolution to provide that husband pay for wife's medical insurance and that wife be the beneficiary under his life insurance policy as per the separation agreement. This appeal followed.[1]

RSMo § 452.325 (1986) provides in relevant part:

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement ... are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties ... that the separation agreement is unconscionable.

Wife argued, and the lower court held that the jurisdiction of the court was, thus, limited to determining whether the provisions of the separation agreement were unconscionable and that, therefore, the court could not modify the agreement. We disagree.

It has been held innumerable times that, unless the separation agreement provides to the contrary, the terms of the separation agreement are decretal rather than contractual and are subject to modification. See *Eckstein v. Eckstein*, 748

---

1. Respondent, Carol Walker, has failed to supply the court with a brief in this appeal.

S.W.2d 945, 948 (Mo.App., E.D.1988); *Berman v. Berman*, 701 S.W.2d 781, 786 (Mo. App., E.D.1985). The agreement here provided no limitation to the modification of the terms at issue [2] and, as such, the court was permitted to so modify them. Res judicata did not, therefore, apply.

 The court further erred in even reaching the res judicata issue. Res judicata is an affirmative defense and must be specially pleaded. *Householder v. Oliver*, 741 S.W.2d 116, 117 (Mo.App., E.D.1988); *Fedor v. Strelow*, 648 S.W.2d 626 (Mo.App., E.D.1983); Rule 55.08. Wife's answer to husband's petition was a general denial. In fact, she even filed her own motion to modify. Consequently, the defense of res judicata was not properly before the trial court and its "holding" was a legal nullity.

The order of the trial court is, therefore, reversed and remanded with instructions to reinstate the decree of dissolution as entered on April 26, 1989.

REINHARD and CRIST, JJ., concur.

---

**2.** The decree of legal separation did, however, state that the maintenance of $350.00 per month could only be modified "as provided in the separation agreement."