Palmer LARSON, Appellant,

v.

John LARSON, as Personal Representative of the Estate of Carl T. Larson, deceased, et al., Respondents.

No. 17469.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 20, 1991.

Gary C. Lentz, Joplin, for appellant.

Timothy R. Whelan, and Robert L. Bradley, Joplin, for respondents.

MONTGOMERY, Judge.

█ This proceeding is a will contest action brought under § 473.083, RSMo 1986.[1] The trial court dismissed the action upon the ground that service of process was not secured and completed within 90 days after the petition was filed as required by § 473.083(6). The plaintiff has appealed. We review only to determine whether there has been an abuse of discretion. *Cole v. Smith*, 370 S.W.2d 307, 309 (Mo.1963); *Blatt v. Haile*, 291 S.W.2d 85, 88 (Mo.1956).

Palmer Larson (appellant) filed an action on September 28, 1990, to contest the will of Carl T. Larson. The petition listed 21 defendants including Anna Beth Brisley and Frances Bryan who are both residents of the State of California.[2] The statement of facts in both briefs indicates shortly after September 28, 1990, appellant's attorney sent a letter to both respondents which enclosed a copy of the petition and a waiver of service of entry of appearance. Neither respondent acted upon the letter. The docket sheet reflects these relevant entries:

Nov. 30, 1990 Summons w/Petition issued to Sheriff of San Diego County, CA for service upon Defendant Frances Bryan. (check of $25 issued w/summons)

Nov. 30, 1990 Summons w/Petition issued to Sheriff of Santa Clara County, CA for service upon Defendant Anna Beth Brisley. (check for $27.25 issued w/summons)

Jan. 10, 1991 San Diego, CA Sheriff's Return filed showing service on Frances Bryan on 12–21–90.

Jan. 16, 1991 Santa Clara County, CA Sheriff's Return filed showing service on Defendant Anna Beth Brisley on 12–18–90.

Various defendants (including respondents) filed their motions to dismiss on the ground that appellant failed to secure and complete service of process within 90 days after the petition was filed in violation of § 473.083(6). On January 31, 1991, the trial court heard arguments of counsel for both sides and sustained the motions. No evidence was presented by appellant at the hearing. The transcript contains only arguments of counsel.

█ Appellant's brief presents one point, inadequately stated, as follows:

The plaintiff-appellant's efforts toward service on Brisley and Bryan established good cause for failure to secure complete service within 90 days after the petition was filed.

We initially observe that the docket entries indicate both respondents were *served* within 90 days from September 28, 1990, but the sheriffs' returns were filed in the Circuit Court of Jasper County *after* the 90 days expired. However, appellant's point relied on simply concedes his failure to secure complete service within 90 days after the petition was filed. We do not decide issues not presented in appellant's brief. *Stewart v. Sturms*, 784 S.W.2d 257, 259 (Mo.App.1989). Therefore, we only determine whether appellant's efforts to serve respondents established good cause for failure to secure and complete service within the required 90–day time period.

Appellant cites three cases, *Stemmler v. Crutcher*, 677 S.W.2d 916, 918 (Mo.App. 1984); *Collier v. Dunne*, 712 S.W.2d 38, 41 (Mo.App.1986); and *Forester v. Roddy*, 418 S.W.2d 67 (Mo.1967). These cases generally stand for the proposition that good cause for failure to serve defendants within 90 days refers to those difficulties and circumstances attributable to persons and things beyond the control of plaintiff. These cases provide no relief to appellant for the reasons we hereafter discuss.

In his brief appellant emphasizes his efforts to obtain a waiver of service from respondents, and when that effort failed, summons was requested to be issued. Nowhere does he explain his delay of over 60 days before requesting summons be sent to

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

2. These two parties are named as Anna B. Brisley and Frances Larson Bryan in their motion to dismiss. Regardless, we hereafter refer to them as respondents.

California. Because no evidence was presented by appellant on the issue of good cause, we must decide on the facts essentially agreed upon in the briefs. The scant efforts of appellant to obtain service have been previously stated.

We believe this case is controlled by our decision in *Powell v. Ware,* 641 S.W.2d 824 (Mo.App.1982). There, plaintiffs commenced a will contest action on October 23, 1980. Defendants were served 95 days thereafter. Plaintiffs' evidence at the motion to dismiss hearing revealed their attorney withdrew in early December. Plaintiffs met with a new attorney in mid-December and employed him the first week of January 1981. Plaintiffs' new counsel inquired about service and then went out of state. Upon his return, inquiry was made to California authorities to determine why defendants had not been served. Based on these facts, we said:

> Plaintiffs' evidence tends to show the exercise of diligence from and after the middle of December 1980; it does not explain or tend to excuse plaintiffs' failure to employ an efficient method of service when the action was commenced, or the failure to inquire up to the time the California officers were contacted by telephone. Plaintiff Steve Powell knew where defendants Hernandez lived; he testified he had talked to them 'once or twice' by telephone. Rule 54.12 in terms provides that service in any civil action 'affecting ... a will ...' may be had by personal service outside the state, personal service by mail, or service by publication. The record is wholly barren of any suggestion that service by mail was requested; it does show that defendants Hernandez were eventually served at the very address furnished to the circuit clerk when the action was commenced.

*Id.* at 826.

We held plaintiffs' failure to employ an efficient means of service when the action was commenced and failure to inquire about service until over 60 days passed was not an exercise in diligence required by the statute.

Appellant's efforts in this case are strikingly similar to those in *Powell, supra.* Appellant employed an ineffective method of service when the action was commenced, i.e., his attempt to obtain a waiver of service. He took no action to secure service by personal service outside the state or by mail for over 60 days. The record reveals no reason for the delay. The record is barren of evidence that appellant urged California authorities to complete service before 90 days expired. We cannot conclude good cause was shown by appellant under these circumstances.

The General Assembly declared the policy of this state to be that a contest of a will admitted to probate shall be expeditiously prosecuted or not at all. *Kane v. Mercantile Trust Co. Nat'l. Ass'n.,* 513 S.W.2d 362, 365 (Mo.1974). We find no abuse of discretion, and the judgment is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.