**SITELINES, L.L.C.,**
**Plaintiff/Respondent,**

v.

**PENTSTAR CORPORATION,**
**Defendant/Appellant.**

**No. ED 88579.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 2007.

Nicholas B. Schopp, Aegis Professional Services, St. Louis, MO, for respondent.

Steven M. Cockriel, Cockriel & Christofferson, LLC, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Defendant subcontractor appeals from the entry of summary judgment in plaintiff contractor's favor. It asserts that the trial court erred in denying its motion to dismiss or compel arbitration because, it claims, it was entitled to arbitration under federal law. We affirm.

On August 21, 2004, plaintiff, Sitelines, L.L.C., a contractor and a limited liability company organized under Missouri law, and defendant, Pentstar Corporation, a subcontractor and a Delaware corporation with its principal place of business in Minnesota, entered into a contract entitled "Standard Agreement Between Sitelines and Subcontractor" (the agreement) relating to construction at the Oak Bend Office Center in St. Louis (the project). In May 2005, defendant abandoned the project without notice, leaving substantial portions of its work uncompleted.

On November 17, 2005, plaintiff filed a petition in which it sought damages for breach of contract from defendant. Defendant failed to respond to plaintiff's written discovery requests, although it obtained an extension of time to do so, and failed to respond to plaintiff's request for admissions. On April 28, 2006, plaintiff filed a motion for summary judgment. Defendant never filed a response to the summary judgment motion. The summary judgment motion was first set for hearing on June 20, 2006. Both parties appeared in court that day and the hearing was reset for July 18, 2006 at 8:30 a.m.

On the afternoon of July 17, 2006, defendant's attorney telefaxed to plaintiff's attorney a motion to dismiss, or in the alternative, to compel arbitration pursuant to an arbitration clause in the agreement. The attorney also telefaxed to plaintiff's attorney a notice to hear the arbitration motion on July 18, 2006 at 8:30 a.m. Defendant filed its motion and notice on July 18. On July 18, the trial court granted plaintiff's motion for summary judgment and awarded plaintiff $280,074.76 and attorney's fees in the amount of $7,920.00. In a separate order, also dated July 18, it denied defendant's motion to dismiss or to compel arbitration. Defendant appeals.

For its sole point on appeal, defendant asserts that the trial court erred in denying its motion to dismiss or, in the alternative, to compel arbitration because the court was required to order arbitration under section 4 of the Federal Arbitration Act (the FAA), 9 U.S.C. section 4.

■ Plaintiff suggests a number of grounds that support the trial court's denial of the motion. If the trial court's ruling can be sustained for any reason appearing in the record, it must be affirmed. *Rocha v. Metro. Property and Cas. Ins.*, 14 S.W.3d 242, 245 (Mo.App.2000). Because it appears that defendant's failure to serve the motion and give notice of the hearing thereon five days before the hearing is sufficient to affirm, we do not consider other grounds for affirmance.

■ The FAA applies to contracts evidencing transactions involving or affecting interstate commerce. *Edward D. Jones & Co. v. Schwartz*, 969 S.W.2d 788, 793 (Mo.

App.1998). Because plaintiff and defendant are residents of different states, the agreement was a transaction involving interstate commerce. *Id.* The FAA creates substantive law which may be enforced in state courts. *Southland Corp. v. Keating,* 465 U.S. 1, 15, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984); *Perry v. Thomas,* 482 U.S. 483, 489, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426, 435 (1987); *Bunge Corp. v. Perryville Feed & Produce,* 685 S.W.2d 837, 839 (Mo. banc 1985); *Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659, 662 (Mo.App.1988); *McClellan v. Barrath Const. Co., Inc.,* 725 S.W.2d 656, 658 (Mo. App.1987). State courts must apply federal law in cases in which the arbitration clause comes within the FAA. *Bunge,* 685 S.W.2d at 839. However, the procedural provisions of the Federal Arbitration Act are not binding on state courts, as long as the applicable state procedures do not defeat rights granted by Congress. *Id.; McClellan,* 725 S.W.2d at 658. The Missouri Supreme Court has delineated the distinction between procedural law and substantive law as follows:

Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.

*Wilkes v. Missouri Highway & Transp. Comm'n,* 762 S.W.2d 27, 28 (Mo. banc 1988).

Our courts have looked to the Missouri Uniform Arbitration Act (MUAA), sections 435.355 and 435.425 RSMo (2000), and the Missouri Rules of Civil Procedure for the procedures applicable to actions enforcing the FAA in Missouri courts. *Nitro Dis-*

*tributing, Inc. v. Dunn,* 194 S.W.3d 339, 351 (Mo. banc 2006); *Parks v. MBNA America Bank,* 204 S.W.3d 305, 310 (Mo. App.2006); *Edward D. Jones,* 969 S.W.2d at 793, 795. *See also Greenwood v. Sherfield,* 895 S.W.2d 169, 172 (Mo.App.1995). Section 435.425 provides:

Except as otherwise provided, an application to the court under sections 435.350 to 435.470, shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of the court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action.

■ Rule 44.01(d) provides in part:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by law or court rule or by order of the court.

Accordingly, Rule 44.01(d) required that both defendant's written motion and the notice of hearing of the motion be served at least five days before the hearing. This rule does not defeat any rights granted by the FAA because the FAA also requires that an aggrieved party serve "[f]ive days' notice in writing" of an application for an order directing arbitration on the other party. 9 U.S.C. section 4.

The record does not indicate that defendant sought or the court ordered a shortened time for serving the motion and notice of hearing. Except for the order denying the motion, there is no record of any proceedings that took place on July 18 with respect to the motion.

■ When notice of a proceeding has been given for a time less than the five

days required by Rule 44.01, we consider if the notice given was reasonable under the facts and circumstances. *Jenkins v. Jenkins,* 784 S.W.2d 640, 643–44 (Mo.App. 1990). Reasonable notice was a prerequisite to the court's power to enter an order in defendant's favor. "In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice"—"a prerequisite to the lawful exercise of the court's power"—"basic in simple fundamental justice." *Baker v. Baker,* 274 S.W.2d 322, 326 (Mo.App.1954) (quoting *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347, 349, 350, 351 (1951)). "It is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection." *Wheatley v. State,* 559 S.W.2d 526, 527 (Mo. banc 1977).

■ In this case, defendant's notice of hearing of a motion to compel arbitration sent by telefax less than 24 hours before the filing of that motion clearly was not reasonable under the circumstances because it did not give plaintiff reasonable time to respond to the motion or prepare for a hearing thereon. Although the parties were scheduled to be in court at the same time on the motion for summary judgment, the issues raised by the motion to compel arbitration were wholly different. The summary judgment motion involved the application of Missouri contract law to the breach of contract claim, whereas the motion to compel arbitration would have involved the application of federal law to an arbitration clause that may have been subject to an unperformed condition precedent, raising legal issues that could not be summarily addressed. It would have been error if the trial had granted the motion to compel in these circumstances. *See Madsen v. Madsen,* 731 S.W.2d 324, 325 (Mo.App.1987).

■ The rules of civil procedure are "rules of practice and procedure to promote the orderly administration of justice." *Mello v. Williams,* 73 S.W.3d 681, 685 (Mo.App.2002). When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them. *Bank v. Pfeil,* 537 S.W.2d 680, 681 (Mo.App.1976).

We are aware that the trial court's order has the effect of precluding defendant from ever asserting a right to arbitrate the dispute, because a judgment on the merits of this dispute was entered on the same day. However, this situation was created by defendant. Because the factual allegations in the motion for summary judgment were not denied, the case was ready for final disposition on July 18. Defendant waited until less than 24 hours before the case was to be decided on the merits before it filed its motion to compel arbitration and notice of hearing. Defendant's own delay in filing its motion and notice of hearing prevented it from obtaining relief.

Although our review of an order denying a motion to compel arbitration on the merits would be *de novo, Nitro Distributing,* 194 S.W.3d at 345, our review of a trial court's action based on a party's failure to comply with time requirements in the circumstances of this case is for abuse of discretion. *Larson v. Larson,* 818 S.W.2d 740, 741 (Mo.App.1991). The trial court did not abuse its discretion in denying the motion to dismiss or to compel arbitration when the written motion and notice of hearing did not comply with the time requirements of Rule 44.01(d) and was not reasonable under the circumstances.

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.