

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **BRAD BURNS,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD83395** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | **September 29, 2020** |
| **NATHAN GRANGER, ET AL.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable James W. Van Amburg, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Alok Ahuja, Judge and
Edward R. Ardini, Jr., Judge

Brad Burns ("Burns") appeals from the trial court's dismissal of his petition against

Nathan Granger ("Dr. Granger") and Clay-Platte Family Medical Clinic, P.C. ("Clay-

Platte") (collectively "the Defendants"). Burns claims that the trial court erroneously

dismissed his petition following a hearing that was scheduled less than five days after

notice was given in violation of Rule 44.01(d). Finding no prejudicial error, we affirm.

**Factual and Procedural Background**[1]

Burns filed a petition alleging medical malpractice against the Defendants on June 25, 2018, in the Circuit Court of Platte County. Burns's petition alleged that Dr. Granger, a doctor employed by Clay-Platte, negligently prescribed clobetasol propionate cream to treat jock itch, and as a result, Burns suffered atrophy of the skin in his groin area. The Defendants filed an answer on July 31, 2018. On March 14, 2019, the trial court entered a scheduling order, setting forth discovery deadlines, and scheduling a trial for November 18, 2019.

The Defendants filed a motion to enforce discovery ("motion to enforce discovery") on October 21, 2019. The Defendants asserted that after Burns failed to respond to interrogatories and requests for production of documents by an August 29, 2019 deadline, the Defendants sent Burns a "golden rule" letter on October 1, 2019, which gave Burns until October 11, 2019, to respond. The Defendants subsequently extended the time for response to October 16, 2019. However, as of the filing of the motion to enforce discovery, Burns had not yet responded. The trial court addressed the motion to enforce discovery during a November 8, 2019 pretrial conference, and ordered Burns to provide discovery responses by November 12, 2019.

On November 12, 2019, six days before the scheduled trial date, the Defendants filed a motion to dismiss Burns's petition as a sanction for Burns's failure to properly

---

[1]We compiled the factual and procedural history from the record on appeal submitted by Burns. The legal file does not comply with Rule 81.12(b)(2) in that it was not arranged in chronological order. While we hold *pro se* litigants such as Burns to the same rules and standards required of parties represented by counsel, Burns's error had no effect on our ability to review the merits of his point on appeal.

All rule references are to the *Missouri Court Rules, Volume I – State, 2019* unless otherwise indicated.

respond to the pending discovery ("motion to dismiss"). Burns filed his response to the motion to dismiss the same day. Burns's response requested that the trial court "take up the [motion to dismiss] with both parties present before the court." The next day, the Defendants requested, and the trial court scheduled, a hearing on the motion to dismiss for November 15, 2019, the final business day before the scheduled trial date on November 18, 2019. The Defendants then filed a reply which argued that although Burns filed discovery responses on November 12, 2019, dismissal of the case was still an appropriate sanction pursuant to Rule 61.01 because the discovery responses were facially deficient.

The trial court conducted a hearing on the motion to dismiss on November 15, 2019. The Defendants appeared for the hearing, but Burns did not. During the hearing, the Defendants reminded the trial court that Burns had initially filed suit against the Defendants in 2016, and then dismissed and refiled the instant action in 2018. The trial court ordered Burns's case dismissed without prejudice.

On the same day, Burns filed a motion to reconsider the dismissal of his case ("motion to reconsider"). Burns contested the amount of notice he had received for the November 15, 2019 hearing, and also argued the merits of the Defendants' motion to dismiss. The Defendants filed a response to the motion to reconsider and joined Burns's request for a hearing on the motion.

The trial court conducted a hearing on Burns's motion to reconsider on December 13, 2019. Both Burns and the Defendants appeared and were permitted to argue the merits of the Defendants' motion to dismiss.

On December 17, 2019, the trial court entered a judgment ("Judgment") denying Burns's motion to reconsider.  The Judgment made the following findings: (1) "The current matter is the re-filing of a case that was originally filed in 2016 (Case No. 16AE-CV0340); in that action, [Burns] never responded to written discovery properly served by Defendants, stating in response to Defendants' Golden Rule correspondence that he would 'fill out the discovery forms at [his] leisure;'" (2) "[Burns] was properly served with discovery in the instant action on July 30, 2019[,] but did not provide discovery responses in the timeframe [prescribed] by the Missouri Rules of Civil Procedure, and thereafter did not respond to discovery [requests] in the timeframe set forth in the Defendants' Golden Rule correspondence;" (3) "[Burns] did provide discovery responses on November 12, 2019; however, these discovery responses, although served, are incomplete and insufficient in various respects, as outlined in Defendants' [reply to their motion to dismiss];" and (4) "[Burns] has demonstrated a pattern of failing to comply with the rules of discovery, such that dismissal as a sanction pursuant to Rule 61.01 is appropriate."  Thus, the matter "remain[ed] dismissed without prejudice."

Burns appeals.[2]

---

[2]Ordinarily, a dismissal without prejudice is not a final judgment and is therefore not appealable. *State Conference of NAACP v. State*, 563 S.W.3d 138, 146 n.4 (Mo. App. W.D. 2018).  However, "when the effect of the judgment is to dismiss the action and not merely the pleading, the judgment is final and appealable." *BH Holdings, LLC v. Bank of Blue Valley*, 340 S.W.3d 340, 342 (Mo. App. W.D. 2011) (citing *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo. App. E.D. 2000)).  Here, the trial court's imposition of a sanction of dismissal pursuant to Rule 61.01 had the effect of dismissing Burns's action, and not merely his pleading, under circumstances that effectively preclude Burns from refiling his action a third time.

Burns refiled the instant action in June 2018 after voluntarily dismissing his original actions against the Defendants in 2017, availing himself of the savings statute, section 516.230, to extend the two-year statute of limitations found in section 516.105 a year beyond the dismissal of the original suit.  A plaintiff may not receive the benefit of the savings statute more than once, though. *Williams v. S. Union Co.*, 364 S.W.3d 228, 231 (Mo. App. W.D. 2011).  Thus, the practical effect of the trial court's dismissal of the instant action without prejudice was to

4

## Standard of Review

We review "a trial court's action based on a party's failure to comply with time requirements in the circumstances of [the] case . . . for abuse of discretion." *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007). A trial court abuses its discretion if its ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Robinson v. Langenbach*, 599 S.W.3d 167, 180 (Mo. banc 2020). If reasonable persons can differ about the propriety of the trial court's action, no abuse of discretion will be found. *In Matter of D.N.*, 598 S.W.3d 108, 115 (Mo. banc 2020). Further, we "will find reversible error only where an abuse of discretion is found and the [appellant] can demonstrate prejudice." *Id.* at 115-16 (quoting *State v. Oates*, 12 S.W.3d 307, 311 (Mo. banc 2000)).

## Analysis

In his single point on appeal, Burns asserts that the trial court erred in conducting a hearing on November 15, 2019, on the Defendants' motion to dismiss because the hearing was scheduled after fewer than five days' notice in violation of Rule 44.01(d). Burns claims that he suffered prejudice because he was not present at the hearing and the trial court granted the Defendants' motion to dismiss.

---

terminate Burns's litigation against the Defendants, affording us jurisdiction over Burns's appeal from the Judgment. [Appellant's Brief, pp. 12-14]

All statutory references are to RSMo 2000, as supplemented through the date of Burns's alleged injury.

"[T]he purpose of Rule 44.01(d) is to provide the notified party with an opportunity to be heard." *Allen ex rel. Allen v. Gatewood*, 390 S.W.3d 245, 254-55 (Mo. App. W.D. 2013). Rule 44.01(d) provides:

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by law or court rule or by order of the court. . . .

If notice is given less than five days before the hearing, then the question becomes whether "the notice given was reasonable under the facts and circumstances." *Sitelines, L.L.C*, 213 S.W.3d at 706-07. "Reasonable notice [is] a prerequisite to the court's power to enter an order in [a] defendant's favor" because, when a plaintiff's rights may be affected by a motion, the plaintiff should be notified so that he may appear in court for his own protection. *Id.* at 707.

Here, the notice of hearing on the Defendants' motion to dismiss was given less than five days before the hearing. However, we need not resolve whether it was reasonable under the facts and circumstances to conduct a hearing on the Defendants' motion to dismiss on less than five days' notice, as Burns suffered no prejudice as a result of the shortened notice period.

Burns filed a motion to reconsider the trial court's November 15, 2019 order of dismissal. The motion to reconsider was heard on December 13, 2019, at which point Burns and the Defendants argued the merits of the Defendants' motion to dismiss. The trial court entered its Judgment denying the motion for reconsideration, which included findings of fact explaining the rationale for granting the Defendants' motion to dismiss. The

6

Judgment then reaffirmed the trial court's earlier order dismissing Burns's lawsuit without prejudice. Burns has not appealed the Judgment. More to the point, Burns's point on appeal ignores that by virtue of his motion for reconsideration, Burns was given the very relief he complains he was denied at the November 15, 2019 hearing--the opportunity to appear and to argue the merits of the Defendants' motion to dismiss. Burns suffered no prejudice as a result of the shortened notice of the November 15, 2019 hearing. "'[W]e will not reverse a judgment because of [alleged] error which is not prejudicial to the appellant." *Paulson v. Dynamic Pet Prods., LLC*, 560 S.W.3d 583, 591 (Mo. App. W.D. 2018).

Burns's point on appeal is denied.

## Conclusion

The Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur